Edgardo HERRERA, Plaintiff,

v.

BOYD COATING RESEARCH COMPA-
NY, INC., Richard W. Brodeur and
Donald Garcia, Defendants.

Civil Action No. 97–40037–NMG.

United States District Court,
D. Massachusetts.

Nov. 19, 1997.

Patrick R. Bunnell, CampoBasso Law Of-
fice, Leominster, MA, for Plaintiff.

Douglas F. Seaver, Maureen K. Bogue,
Hinckley, Allen & Snyder, Boston, MA, for
Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On March 3, 1997, the plaintiff, Edgardo
Herrera ("Herrera") filed the present action
against his former employer, Boyd Coating
Research Company, Inc. ("Boyd"), his former
supervisor, Richard W. Brodeur ("Brodeur"),
and Boyd's Vice President, Donald Garcia
("Garcia") alleging religious discrimination in
violation of both M.G.L. c. 151B, § 4 ("Chap-
ter 151B") and Title VII of the Civil Rights
Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Ti-
tle VII"). Pending before this Court is the
defendants' motion to dismiss.

### I. *Background*

Herrera was employed by Boyd as a Quali-
ty Control Inspector from April, 1996,
through October, 1996. As a Seventh Day
Adventist, Herrera is compelled by his reli-
gion not to work from sunset on Friday until
sunset on Saturday in observance of the Sab-
bath.

In or about August of 1996, Herrera in-
formed Brodeur and Garcia that beginning in
November the sunset would be at such a
time that, for religious reasons, he would
need to leave work early each Friday. Herr-
era offered to make-up the time in any way
deemed appropriate.

On October 30, 1996, Brodeur informed
Herrera that he would not be permitted to
leave work early on Fridays. Herrera re-
sponded that he would have to resign his

position with Boyd because he could not work on the Sabbath and he did so resign.

On November 11, 1996, Herrera filed charges of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") alleging violations of state and federal law. In December 1996, Herrera requested, and the MCAD approved, removal of the MCAD charge for purposes of filing a civil action in court.

## II. *Analysis*

### A. *Standard for Motions to Dismiss*

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992). The Court is required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

### B. *Chapter 151B Claim*

■ The defendants contend that Herrera fails to state a claim under Chapter 151B, as recently revised, because that statute does not apply to the particular facts of this case. On August 20, 1996, the Supreme Judicial Court of Massachusetts declared the original version of Chapter 151B, § 4 invalid on the grounds that it violated the Establishment Clause of the First Amendment to the United States Constitution. *Pielech v. Massasoit Greyhound, Inc.*, 423 Mass. 534, 668 N.E.2d 1298 (1996).

A revised religious accommodation statute, signed into law on February 27, 1997, provides that:

> The provisions of section two of this act shall apply to all claims arising not earlier than three years before the effective date of this act which have not yet been filed, and to all other claims pending before the commission against discrimination or a court on the effective date of this act, including claims upon which final judgment or judgment after rescript has not entered or as to which a period to file an appeal, certiorari petition, petition for rehearing or similar motion has not expired on said effective date.

M.G.L. c. 151B, § 4(1A). The defendants contend that the statute does not apply here because the present action does not fall within any of the three covered situations, i.e. 1) claims which were not filed by the effective date, 2) claims pending before the MCAD on the effective date or 3) claims pending before a court on the effective date.

The defendants contend that situation #1 does not apply because Herrera filed his claim with the MCAD in November of 1996, situation #2 does not apply because as of February 27, 1997, Herrera's claim was no longer pending before the MCAD and situation #3 does not apply because, on the effective date, Herrera had not yet filed his claim in this court. The defendants' reading of the statute does not, however, comport with either the fair meaning or the intent of the statute.

The pellucid intent of M.G.L. c. 151B, § 4(1A) was to provide retroactive coverage for religious discrimination claims which arose not more than three years before the effective date and upon which final judgment had not entered. Although the statute does not specifically refer to claims which were in the process of being transferred from the MCAD to a court on its effective date, it defies logic to suppose the legislature intended to exclude such claims from coverage. In any event, this Court finds that Chapter 151B, § 4 applies retroactively to the present action because it arose less than three years before its effective date and, as of that date, had not yet been filed in court.

### C. *Individual Liability under Title VII*

The defendants contend that Herrera's Title VII claims against Brodeur and Garcia must be dismissed on the ground that indi-

viduals cannot be held personally liable under Title VII. The First Circuit Court of Appeals has not yet addressed that issue and the district courts within the Circuit are split. *Compare Martin v. Tennford Weaving Co., Inc.,* 1997 WL 50469 (D.Me.1997); *Iacampo v. Hasbro, Inc.,* 929 F.Supp. 562 (D.R.I.1996); *Ruffino v. State Street Bank and Trust Co.,* 908 F.Supp. 1019 (D.Mass.1995) *with Danio v. Emerson College,* 963 F.Supp. 61, 1997 WL 240755 (D.Mass.1997); *Attardo v. Sullivan & Gregg,* 1996 WL 107891 (D.N.H.1996); *Hernandez v. Wangen,* 938 F.Supp. 1052 (D.P.R. 1996); *Bagley v. Hoopes,* 1985 WL 17643 (D.Mass.1985).

Eight circuits have considered individual liability under Title VII and seven have rejected the idea. *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2d Cir.1995); *EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276 (7th Cir.1995); *Cross v. Alabama Dept. of Mental Health & Mental Retardation,* 49 F.3d 1490 (11th Cir.1995); *Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir.1994); *Smith v. St. Bernards Reg'l Medical Ctr.,* 19 F.3d 1254 (8th Cir.1994); *Sauers v. Salt Lake County,* 1 F.3d 1122 (10th Cir.1993); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583 (9th Cir.1993). *But see Jones v. Continental Corp.,* 789 F.2d 1225 (6th Cir.1986) (recognizing individual liability under Title VII).

■ This Court is persuaded by the logic of the majority of circuit courts holding that Title VII does not subject individuals to liability in their personal capacity. Because Congress limited Title VII coverage to employers with fifteen or more employees to protect small employers with limited resources "[i]t is inconceivable that Congress intended to allow civil liability to run against individual employees." *Miller,* 991 F.2d at 587.

The amendments to the remedial provisions of Title VII in the Civil Rights Act of 1991, 42 U.S.C. § 1981a, further illustrate that Congress did not intend to impose liability on individuals. Those amendments created the right to recover compensatory and punitive damages, but "calibrated the maximum allowable damages award to the size of the employer." *Tomka,* 66 F.3d at 1314. To warrant individual liability for Title VII

claims would contradict the clear intent of Congress to protect smaller employers.

**D.** *Damages*

■ The defendants contend that Herrera's lawsuit must be dismissed because he has not sufficiently alleged (nor can he prove) damages. Boyd offered Herrera his former position, full compensation for lost back pay and agreed to accommodate his religious practices. Herrera refused to accept the offer. Although the offer tolls the accrual of Boyd's backpay liability, it does not warrant dismissal because other compensable damages remain available. *See Ford Motor Co., v. EEOC,* 458 U.S. 219, 232, 233, 102 S.Ct. 3057, 3066, 3066, 73 L.Ed.2d 721 (1982).

**ORDER**

For the foregoing reasons:

1) the defendants' motion to dismiss the Title VII claims against Brodeur and Garcia is **ALLOWED,** and

2) the defendants' motion to dismiss the remaining claims is

**DENIED.**

So ordered.