Jeanine R. TUNGSETH, Appellee,

v.

MUTUAL OF OMAHA INSURANCE COMPANY, Appellant,

United States of America, Amicus Curiae.

No. 93–3181.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1994.

Decided Dec. 28, 1994.

John Mason and James Kremer, Minneapolis, MN, for appellant.

Denise Roy, St. Paul, MN, for appellee.

Gary Allen, Dept. of Justice, Washington, DC, for amicus curiae U.S.

Before McMILLIAN, Circuit Judge, McKAY,* Senior Circuit Judge, and FAGG, Circuit Judge.

McMILLIAN, Circuit Judge.

Mutual of Omaha Insurance Co. (Mutual of Omaha) appeals from a final order entered in

---

* The Honorable Monroe G. McKay, Senior United States District Judge for the Tenth Circuit, sitting by designation.

the United States District Court[1] for the District of Minnesota denying its motion for relief from judgment under Fed.R.Civ.P. 60(b)(5). *Tungseth v. Mutual of Omaha Insurance Co.*, No. Civil 3–91–525 (D.Minn. July 30, 1993) (order). For reversal Mutual of Omaha argues the district court erred in denying post-judgment relief on the ground that it had fully satisfied the judgment in favor of Jeanine R. Tungseth by tendering her the net amount of the judgment after withholding and remitting taxes to the federal and state governments. For the reasons discussed below, we affirm the order of the district court.

Tungseth was employed as a district sales manager by Mutual of Omaha from September 1, 1986, to January 1, 1990, when she was terminated. In August 1991 Tungseth brought suit in state court against Mutual of Omaha, alleging several claims including breach of contract. Mutual of Omaha removed the case to federal district court on the basis of diversity jurisdiction. The district court directed a verdict in favor of Mutual of Omaha on all claims except breach of contract. In February 1993 the jury returned a verdict in favor of Tungseth in the amount of $25,256.00. The district court entered judgment in favor of Tungseth and against Mutual of Omaha in that amount and awarded Tungseth costs. On May 13, 1993, Mutual of Omaha tendered a check to Tungseth in the amount of $16,504.80. Mutual of Omaha asserted that it had withheld and remitted a total of $8,751.20 to the federal and state governments ($5,051.20 for federal income taxes, $1,767.92 for state income taxes, and $1,932.08 for Federal Insurance Contribution Act (FICA) taxes). (Mutual of Omaha also paid the employer's share of FICA ($1,932.08) and the federal unemployment tax ($1,565.87).) Tungseth acknowledged partial satisfaction of the judgment, but she continued to demand payment of the $8,751.20 that Mutual of Omaha had withheld and remitted to the federal and state governments.

On June 18, 1993, Tungseth filed a notice of filing of foreign judgment in state court and requested a writ of execution. On July 12, 1993, Mutual of Omaha filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(5) in federal district court, asserting that the judgment had been fully satisfied. Mutual of Omaha argued that because the damages awarded derived from a breach of contract for lost wages, it was legally obligated to withhold federal and state taxes on the payment of the judgment. Mutual of Omaha also filed a motion to stay enforcement of the judgment in state court. On July 13, 1993, the state court clerk issued a writ of execution and forwarded the writ to the county sheriff. A hearing on the motion for stay was scheduled for September 10, 1993.

Tungseth opposed the Rule 60(b)(5) motion and argued that Mutual of Omaha had improperly withheld federal and state taxes from the judgment. Tungseth argued the jury award represented losses for past, present and future earnings, the jury award did not allocate the damages among any of the relevant tax years (1990–1993), and Mutual of Omaha should not have unilaterally allocated part of the judgment to a particular tax year. Mutual of Omaha argued that if it did not withhold the taxes, it could be liable for nonpayment and subject to penalties.

On July 30, 1993, the district court denied the Rule 60(b)(5) motion. The district court stated that whether an employer is obligated to withhold taxes from a judgment awarding damages to an employee for breach of contract appeared to be an open question, and that, although the judgment may be taxable, Mutual of Omaha did not cite any case or statutory authority establishing that it was the employer's obligation to withhold any taxes due. Slip op. at 3. The district court also found that, even if Mutual of Omaha was obligated to withhold the taxes due, Mutual of Omaha did not submit evidence to support the amount of its withholdings and thus there was no basis from which to determine how Mutual of Omaha allocated the judgment with respect to past, present and future earn-

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

ings and whether the amounts withheld by Mutual of Omaha were correct. *Id.* at 3–4. Mutual of Omaha filed this appeal. The court invited the United States to submit a brief as amicus curiae.

During the pendency of this appeal, Tungseth's counsel, acting at Tungseth's direction, moved to withdraw and to allow Tungseth to proceed pro se. Mutual of Omaha objected and, after this court granted Tungseth's motion, sought reconsideration on the grounds that it would be prejudiced by counsel's withdrawal. Mutual of Omaha attached to its opposition documentation showing that, on August 9, 1993, the county sheriff levied on a Mutual of Omaha bank account and collected the disputed amount of the judgment (plus additional costs). On August 27, 1993, Tungseth moved for costs and attorney's fees in state court relating to the motion to stay enforcement proceedings. Mutual of Omaha asserted that it did not learn of the sheriff's levy until October 1993. In December 1993 the state court denied Mutual of Omaha's motion for stay of the enforcement proceedings as moot and also denied Tungseth's motion for attorney's fees.

For reversal, Mutual of Omaha argues that federal and state tax statutes compel it to withhold taxes on the payment of wages and that Tungseth's judgment for breach of contract damages constitutes wages. 26 U.S.C. §§ 3102(a) (FICA), 3301, 3306(b) (FUTA), 3402(a) (income tax) (1988 & Supp. III 1991); Minn Stat. § 290.92 (1992). Mutual of Omaha further argues that it remitted the withheld taxes to the federal and state governments and that Tungseth should seek a refund from the appropriate taxing authorities for any taxes improperly withheld on her behalf. The amicus brief submitted by the federal government generally supports Mutual of Omaha's argument that the judgment constituted "wages" and thus was subject to mandatory withholding. Tungseth argues that the judgment for damages for breach of contract did not necessarily constitute "wages" and that at least part of the judgment represented loss of benefits and not wages. She argues that her tax advisors can determine her tax liability, if any. She also argues that the appeal is moot because she has recovered the entire amount of the judgment.

In reply, Mutual of Omaha argues that, to the extent the judgment represented damages for loss of benefits and not wages, those damages are taxable income and that employees can seek a refund of overpaid income and FICA taxes. Mutual of Omaha also argues that the appeal is not moot because, although Tungseth has received her entire judgment, plus interest, it has in effect paid the amounts withheld twice—once to the federal and state governments and again to Tungseth. Mutual of Omaha argues that it cannot recover the amounts withheld and remitted without a determination by this court that Mutual of Omaha was not obligated to withhold the taxes due and that it has no reason to believe that the federal and state governments "would merely acquiesce" if it amended its prior tax filings in order to recoup the amounts withheld.

Tungseth has filed a motion for leave to file a reply brief. The court directed the motion to be taken with the appeal. We grant the motion. In her reply brief, Tungseth argues that she has been informed that she would not receive a refund of FICA overpayments and that Mutual of Omaha's admission in the state court hearing that it had not withheld taxes in similar cases was evidence that it did not act in good faith when it withheld her taxes. Tungseth also asked the court to make an affirmative determination that Mutual of Omaha was not obligated to withhold any taxes from the judgment.

## MOOTNESS

◼ First, we consider whether the appeal is moot. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States,* —— U.S. ——, ——, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992) (internal citation omitted). Consequently, if, during the pendency of an appeal, an event occurs which makes it impossible for the court to grant "any effectual relief whatever" to a prevailing party, the appeal is moot. *Id.* (internal citation omitted).

We do not think the appeal is moot. Although the judgment has been satisfied because Tungseth has received the entire judgment from Mutual of Omaha, payment of a judgment alone does not moot an appeal, as to either Rule 60(b) relief or the underlying merits, unless the parties intended to abandon their right to appeal. *See Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 698 (5th Cir.1955) (payment of judgment to prevent foreclosure may not moot appeal from underlying judgment or denial of Rule 60(b) motion); *see also Barnes v. Bosley,* 828 F.2d 1253, 1257 n. 4 (8th Cir.1987) (payment of judgment of back pay award to stop accrual of interest did not moot issue of propriety of award). Mutual of Omaha in its Rule 60(b)(5) motion did not simply seek a declaration that the judgment had been satisfied. Rather, Mutual of Omaha sought a declaration that its pre-levy payments to Tungseth, combined with its payments to the federal and state governments on her behalf, satisfied the judgment. Mutual of Omaha argues that it cannot obtain relief for its double payment without a decision in this appeal. To the extent that a decision in this appeal would enable Mutual of Omaha to recover its double payment either from the federal and state governments or from Tungseth, the appeal is not moot.

## MERITS

"[T]he propriety of Rule 60(b) relief is committed to the trial court's discretion, and we will reverse only if the court abuses its broad discretion." *Schultz v. Commerce First Financial,* 24 F.3d 1023, 1024 (8th Cir. 1994). We will assume for purposes of analysis that an employer is obligated to withhold taxes from a judgment awarding damages for breach of an employment contract.[2] We hold the district court did not abuse its discretion in denying Rule 60(b)(5) relief because Mutual of Omaha failed to provide the district court with any support for the amounts it withheld.

Mutual of Omaha had the burden of showing the propriety of the amounts it with-

held. As to federal income taxes, Mutual of Omaha appears to be correct in withholding the entire amount in the year paid. *See* Brief for Appellant at 21 & n. 12, *citing* 26 U.S.C. § 3402(g); Treas.Reg. § 31.3402(g)–1 (20% supplemental wage tax rate). For FICA taxes, there is a split of authority whether back wages are subject to FICA taxation in the years to which the back pay relates or in the year in which the award is received. *Compare Social Security Board v. Nierotko,* 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946) (NLRB back pay award treated as wages and allocated to periods wages would have been paid), *and Bowman v. United States,* 824 F.2d 528, 530 (6th Cir.1987) (FICA taxes allocated to periods when regular wages were not paid), *with* Rev.Rul. 89–35, 1989–1 C.B. 280 (IRS will not follow *Bowman* case; computes FICA taxes in year paid). Although in its brief on appeal Mutual of Omaha specified the rates of withholding it used, i.e. 20% federal supplemental wage withholding rate, 7% state income tax rate, 7.65% FICA (6.2% for Social Security and 1.45% for Medicare), Brief for Appellant at 20–21 & nn. 13 & 14, Mutual of Omaha failed to provide the district court with that information or an accounting or any explanation as to how it allocated the jury award among past, present and future lost earnings. Without this kind of information, the district court had no basis for determining whether Mutual of Omaha had properly calculated the amounts withheld and thus satisfied the judgment.

Accordingly, we grant appellee's motion for leave to file a reply brief and affirm the order of the district court denying Rule 60(b)(5) relief.

---

2. The Supreme Court has held that back pay awards received in settlement of Title VII claims are not excludable from gross income under 26 U.S.C. § 104(a)(2). *United States v. Burke,* —— U.S. ——, ——, 112 S.Ct. 1867, 1874, 119 L.Ed.2d 34 (1992).