**Richard NEWHOUSE, Cross–Appellant/Appellee,**

v.

**McCORMICK & CO., INC.,
Appellant/Cross–Appellee.**

**Nos. 96–1456, 96–1535.**

United States Court of Appeals,
Eighth Circuit.

Nov. 5, 1997.

Before FAGG and HANSEN, Circuit Judges, and MAGNUSON,[1] District Judge.

## ORDER ON CROSS MOTIONS FOR ATTORNEYS' FEES

Both parties to these appeals have filed motions for an award of attorneys' fees. Appellee/Cross–Appellant Newhouse seeks fees as the prevailing party in the main appeal (No. 96–1456), and Appellant/Cross–Appellee McCormick and Co., Inc. (McCormick) seeks fees for successfully defending against and thereby becoming the prevailing party with respect to Newhouse's separate appeal (No. 96–1535) which we consolidated as a cross-appeal.

While Newhouse was the prevailing party in the main appeal in this age discrimination case, his victory was less than total. Our opinion, *Newhouse v. McCormick & Co., Inc.*, 110 F.3d 635 (8th Cir.1997), for the most part affirmed the jury award in favor of Newhouse, but held, contrary to Newhouse's argument, that the front pay issue should not have been given to the jury. We substituted

1. The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

the district court's alternative corollary award of $84,062 in front pay in lieu of the jury's award of $206,359 (which the district court had already reduced to $158,365.96 by remittitur). As the prevailing party, Newhouse seeks an award of $9,398.90 in appellate attorney's fees representing a total of 64.82 hours of attorney work, including work done on the cross-appeal where Newhouse was not the prevailing party. Newhouse also seeks expenses in the amount of $617.34. We have carefully reviewed Newhouse's counsel's submission and determine that an award of attorney's fees in the amount of $6,076.34 and expenses of $567.34 is appropriate. Our reductions reflect (among other things) the fact that Newhouse did not totally prevail on the main appeal, that work done on his unsuccessful cross-appeal should not be compensated by Newhouse's opponent, and that we granted McCormick's motion to strike 13 pages of Newhouse's 14½ page cross-appellant's reply brief for failure to conform to Federal Rule of Appellate Procedure 28(c), *see Newhouse,* 110 F.3d at 644.

■ McCormick seeks fees as the prevailing party on Newhouse's cross-appeal. Newhouse's cross-appeal was taken from the district court's denial of an enhanced contingent attorney's fees award for Newhouse's counsel's trial work. Newhouse claimed in the cross-appeal that the district court abused its discretion by not awarding an enhanced contingency fee award because of the difficulty plaintiffs encounter when trying to obtain counsel in the face of a state agency's finding of no probable cause in an age discrimination case.

■ The Age Discrimination in Employment Act does not provide for the payment of attorney's fees to a prevailing defendant. *Hoover v. Armco, Inc.,* 915 F.2d 355, 357 (8th Cir.1990), *cert. denied,* 499 U.S. 961, 111 S.Ct. 1585, 113 L.Ed.2d 650 (1991). However, if the plaintiff (here the cross-appellant Newhouse) litigated the action (here the cross-appeal) in "bad faith, vexatiously, wantonly, or for oppressive reasons," the prevailing defendant may recover reasonable attorney's fees. *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141

(1975)). Rule 38 of the Federal Rules of Appellate Procedure provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

There can be no doubt that McCormick is the prevailing party on the cross-appeal. We rather summarily rejected Newhouse's cross-appeal *in toto* and labeled it as "meritless." 110 F.3d at 644.

Whether or not the cross-appeal was brought in bad faith or is vexatious or frivolous is a somewhat closer question. As our main opinion pointed out, Newhouse's brief on the cross-appeal relied on *Morris v. American Nat'l Can Corp.,* 952 F.2d 200, 204 (8th Cir.1991), a case where we reversed a trial court's denial of a contingency enhancement. His brief did not disclose that we had reversed *Morris* three years before the brief was written, *see Morris III,* 988 F.2d 50 (1993), nor did his brief indicate that the Supreme Court itself had held that an enhancement above the lodestar fee for contingency was not permitted under a similar federal fee shifting statute. *See City of Burlington v. Dague,* 505 U.S. 557, 567, 112 S.Ct. 2638, 2643–44, 120 L.Ed.2d 449 (1992). Neither did Newhouse's brief cite to another of our post-*Dague* cases, *Hukkanen v. International Union of Operating Eng'rs,* 3 F.3d 281, 287 (8th Cir.1993), where we noted that "the federal fee shifting statutes do not allow enhancement of a fee award beyond the lodestar amount to reflect that a party's attorneys were retained on a contingency basis." When the existence of those dispositive and controlling cases was pointed out to Newhouse in McCormick's responsive brief, Newhouse, without a single reference to any of those cases and with no attempt whatsoever to distinguish them, argued, without further citation to any authority, in the remaining one page of his reply brief, that he was entitled to double the $31,240.02 in fees the district court had allowed for the trial work. It is one thing to argue zealously for a change in law; it is altogether quite another thing to represent that the law is something

it is not. Newhouse's counsel's failure to inform us of the controlling law appears contrary to the obligations imposed by the Nebraska Code of Professional Responsibility's Ethical Consideration (EC)7–23 ("Where a lawyer knows of legal authority in the controlling jurisdiction directly adverse to the position of a client, the lawyer should inform the tribunal if its existence . . .") A simple law library search would have revealed the reversal of *Morris.* Even after we pointed out in our opinion that the law precluded an enhanced contingent fee and the total lack of merit in Newhouse's position, he continues to advance the argument without acknowledging the law as it is or characterizing his arguments as seeking a change in existing law. In his brief in opposition to McCormick's request for fees to this court, he states that "[i]n this situation, enhanced attorney's fees should be allowed to encourage attorneys to take these cases and to make sure that the victim of discrimination is made whole." (Appellant/Cross–Appellee's Br. at unnumbered page 4.)

■ While we are reluctant to declare that Newhouse filed the cross-appeal in bad faith, we have little difficulty in finding Newhouse's persistent pressing of the cross-appeal in the face of timely controlling Supreme Court and Eighth Circuit case dispositive precedent to be frivolous under Federal Rule of Appellate Procedure 38. "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Indianapolis Colts v. Mayor and City Council of Baltimore,* 775 F.2d 177, 184 (7th Cir.1985); *In Re Estate of Graven,* 64 F.3d 453, 456 (8th Cir.1995) (award of fees under Rule 38 is discretionary), *cert. denied,* — U.S. —, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). *See also Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 656 (9th Cir.1984). Newhouse's persistence in continuing to litigate the question of whether or not he was entitled to an enhanced contingency fee "in the face of controlling precedents which removed every colorable basis in law for the litigant's position" makes his appeal both frivolous and eligible for Rule 38 sanctions. *Williams v. U.S. Postal Serv.,* 873 F.2d 1069, 1075 (7th Cir. 1989) (quoting *Reid v. United States,* 715 F.2d 1148, 1154 (7th Cir.1983)). We conclude

in the exercise of our discretion that McCormick is entitled to an award of attorney's fees.

■ We have carefully reviewed McCormick's attorney's submission of its claimed fees, and we find its claim for $4,408.50 in fees and $673.74 in expenses to be excessive. In particular, even though McCormick was the appellant in the main appeal and its counsel would have had to travel to St. Paul in any event to argue its own appeal, it seeks to charge all of its counsel's travel time, his preargument preparation time, his oral argument time, and his travel and lodging expenses to and in St. Paul to Newhouse. That we cannot abide. We award McCormick attorney's fees in the amount of $2,068.50 and deny any award of expenses.

Pursuant to Eighth Circuit Rule 47C(c), the clerk is directed to certify the awards made in this order for insertion in the mandate.