# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

Nos. 97-3233/3667

_____

| | | |
|---|---|---|
| Richard Newhouse, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| McCormick & Co., Inc., | * | |
| | * | |
| Appellant. | * | |
| | * | |
| _____ | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Amicus Curiae. | * | |

_____

Submitted: April 16, 1998
Filed: October 2, 1998

_____

Before FAGG, JOHN R. GIBSON, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

In this employment age discrimination suit, McCormick & Company (McCormick) appeals a Rule 60(b)(5) order of the district court,[1] denying McCormick's request for relief from a final judgment entered in favor of Richard Newhouse. McCormick argues that it should be released from the judgment for its tender of payment after withholding federal and state taxes on the front and back pay awards. The district court concluded that McCormick had no authority to reduce the amount of the final judgment by withholding payroll taxes. McCormick also appeals an order partially granting Newhouse's request for judgment on the supersedeas bond. We affirm.

I.

The facts underlying the judgment in this case are reported more fully in our prior opinion. See Newhouse v. McCormick & Co., 110 F.3d 635 (8th Cir. 1997). We briefly review them here. Newhouse worked for McCormick as a spice sales representative for a period of approximately 23 years until his termination in 1987, when McCormick eliminated its direct sales force, opting instead to use a food broker to sell its spices. (Newhouse never challenged his 1987 termination and its only relevance to the present appeal is as background information.) For the next five years, Newhouse worked as a sales representative for a food broker.

In 1992, Newhouse applied anew for a position as sales representative with McCormick, but his application was ultimately denied on the basis of his age. Newhouse then brought suit against McCormick, alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1994), and in violation of the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb. Rev. Stat. §§ 48-1001 through 48-1010 (Reissue

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

1993). Following a jury trial on the ADEA claim, Newhouse obtained a favorable judgment comprised of back pay, front pay, and liquidated damages. McCormick appealed, and this court affirmed the awards of back pay and liquidated damages; we also affirmed the decision to award front pay but remanded to allow the district court to enter judgment on its own determination of the proper amount of front pay, holding that the front pay issue was equitable in nature and should not have been submitted to the jury. See Newhouse, 110 F.3d at 642-43, 644.[2] The district court entered final judgment in the amounts of $59,426.76 in back pay, $84,062 in front pay in lieu of reinstatement, and $59,426.76 in liquidated damages.

Following entry of the final judgment, McCormick tendered two checks to Newhouse in an attempt to satisfy the judgment. McCormick stated that the first check, in the amount of $88,567.19, represented the back pay and front pay awards less amounts withheld by McCormick to satisfy payroll withholding requirements for state and federal taxes on those amounts. The second check, in the amount of $111,799.56, represented the liquidated damages award, attorney's fees, taxable costs, and interest. Newhouse refused to accept the checks because McCormick did not tender the full amount of the judgment.

McCormick sought an order pursuant to Federal Rule of Civil Procedure 60(b)(5) to relieve it from the judgment on grounds that it had tendered full payment. The district court denied the motion on August 7, 1997, ruling that a judgment debtor cannot unilaterally reduce the amount of the judgment on the basis of the judgment holder's potential income tax liability. To obtain full satisfaction on his judgment, Newhouse sought judgment against the supersedeas bond McCormick had posted. McCormick filed a notice of appeal from the Rule 60(b)(5) order and also moved this court for a stay of the judgment pending appeal.

_____

[2]Subsequently, we also entered a judgment awarding appellate attorney's fees. See Newhouse v. McCormick, 130 F.3d 302 (8th Cir. 1997).

On September 24, 1997, a panel of this court entered an order granting in part McCormick's motion to stay execution on the judgment, but only to the extent McCormick could demonstrate to the district court that it had already remitted the payroll taxes to the taxing authorities. The district court then held a hearing on Newhouse's motion for release of the supersedeas bond. The district court found that McCormick had not remitted any money to the United States Internal Revenue Service (IRS) as payroll withholdings for Newhouse (the evidence showed that while McCormick had originally remitted funds for Newhouse's account, it had then used them as a credit against other withholding obligations with the IRS after Newhouse refused to accept the less-than-full-amount checks). The district court found that McCormick had remitted $8,609.33 to the Nebraska state taxing authorities as withholdings on Newhouse's awards. On September 29, 1997, the district court entered an order finding Newhouse entitled to judgment against the supersedeas bond for the sum of $251,647.56, with interest continuing to accrue, and stayed execution on the $8,609.33, which McCormick had paid to the Nebraska state taxing authorities. Thus, the district court granted in part and denied in part Newhouse's motion for release of the bond. McCormick appeals this order as well.

## II.

We review the district court's denial of McCormick's Rule 60(b)(5) motion for an abuse of discretion. Tungseth v. Mutual of Omaha Ins. Co., 43 F.3d 406, 409 (8th Cir. 1994). Rule 60(b)(5) allows the district court to relieve a party from a final judgment if the judgment has been satisfied. McCormick contends that its tender of payment on the front and back pay awards, less payroll taxes, satisfied the judgment and was necessary to avoid IRS penalties against it for nonpayment of withholding taxes. To the contrary, the district court concluded that McCormick had no authority to unilaterally reduce the amount of the sum certain judgment entered against it, and refused to relieve McCormick of the judgment. For reasons that follow, we find no abuse of discretion.

4

The key question in this appeal is whether Newhouse's front and back pay awards constitute "wages," thus triggering a withholding requirement on the part of McCormick. The Internal Revenue Code provides that "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. § 3402(a)(1) (1994). The Code defines wages broadly as "all remuneration for employment," unless specifically excepted. 26 U.S.C. § 3121(a); 26 C.F.R. 31.3121(a)-1 (1998). "Remuneration for employment" constitutes wages regardless of the name by which it is designated and even though the employer and employee relationship no longer exists at the time the remuneration is paid. 26 C.F.R. § 3121(a)-1(c), (i). Employment "means any service, of whatever nature, performed . . . by an employee for the person employing him." 26 U.S.C. § 3121(b). An employee is "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." Id. § 3121(d). The plain language of these statutes indicates the importance of demonstrating an employer-employee relationship in order to label an award as wages for purposes of triggering the withholding requirement.

The Supreme Court has held that a back pay award to an employee wrongfully discharged under the National Labor Relations Act constituted "wages" under the Social Security Act of 1935, which defined wages and employment in terms identical to the definitions found in the Internal Revenue Code. See Social Sec. Bd. v. Nierotko, 327 U.S. 358, 362-70 (1946). The Court recognized that the terms "wages" and "employment" are broadly defined "to import breadth of coverage" and explained that "service" need not only be productive activity but also encompasses "the entire employer-employee relationship for which compensation is paid." Id. at 365-66; see also Mayberry v. United States, No. 97-4165, 1998 WL 458787, at *5 (8th Cir. Aug. 10, 1998). We recently applied these principles in Mayberry, where we held that a settlement award in an ERISA class action suit brought by former employees constituted wages under 26 U.S.C. § 3121(a) for purposes of withholding. Id. We

5

reached this conclusion despite the fact that the award was structured to avoid characterizing the settlement payment as either income or wages, and despite the fact that the class members already had been compensated in full for services they actually rendered. Id. at *1, *5. Crucial to our determination was that the class members' employment relationship had been factored into the award; under such circumstances, we held that the award was properly characterized as wages. Id. at *5. Treasury regulations instruct that "[w]hether the relationship of employer and employee exists will in doubtful cases be determined upon an examination of the particular facts of each case." 26 C.F.R. § 31.3401(c)-1(d).

The particular facts of the present case illustrate that there is simply no basis for concluding that a current or previous employer-employee relationship existed between Newhouse and McCormick that would justify McCormick in withholding payroll taxes from the front and back pay awards on the ADEA judgment. Newhouse applied for a job with McCormick and due to McCormick's age discrimination, he was never hired as an employee.[3] We have found no authority for holding that a job applicant has the status of an employee under common law rules, and Newhouse did not gain the status of an employee through his suit. The remedies Newhouse obtained through suit did not include being given the job for which he applied; instead, he became a judgment creditor by receiving a judgment including awards of front and back pay which represent the wages he would have earned if he would have been hired. Thus, at the time of the discrimination from which the judgment in this case arose, Newhouse had no employer-employee relationship of any type with McCormick.

---

[3]Newhouse's prior employment with McCormick and his 1987 termination are totally unrelated to the situation out of which the current judgment arises, and thus we do not consider that prior unrelated employment relationship in the context of the present dispute.

McCormick cites no case in which a court has found the existence of an employment relationship that justifies payroll tax withholding on a back pay award absent an existing employment relationship (i.e., in the context of wrongful denial of a promotion) or at least a preexisting employment relationship that was cut short by an involuntary separation or termination out of which the back pay award arose (i.e., in the context of a discriminatory discharge or forced retirement). The United States, as amicus curiae, supports McCormick's assertion that it was obligated to withhold federal payroll taxes on both the back pay and front pay awards, but similarly offers little authority directly on point, admitting that "the cited authorities generally involve situations where an employment relationship existed but was improperly severed." (Amicus Br. at 9.)

The United States cites one case to support the proposition that an employment relationship may be inferred where a job applicant was not hired. See Melani v. Bd. of Higher Educ., 652 F. Supp. 43 (S.D.N.Y. 1986), aff'd, 814 F.2d 653 (2d Cir. 1987) (unpublished). The plaintiffs in the suit prevailed on a claim of gender discrimination arising from their unsuccessful applications for a university position. The district court's opinion required the defendant university to withhold taxes on their back pay award for loss of prospective employment. Unsupported by any analysis, the opinion merely announces the conclusion that back pay settlements are wages, citing three revenue rulings in support. With respect, we find this unpersuasive. Two of the revenue rulings are now listed by the IRS as obsolete, and all three involved circumstances where an actual employment relationship existed, not prospective employment. See id. at 48. The case offers no rationale for extending the employee-employer status for withholding purposes to persons who have never been hired. In every other case cited by the parties and revealed by our own research, a preexisting employment relationship between the parties triggered the withholding requirement as to back pay awards. See, e.g., Mayberry, 1998 WL 458787, at *5 (holding former employees' class action settlement constituted wages); Blim v. Western Elec. Co., 731 F.2d 1473, 1476, 1480 n.2 (10th Cir.) (holding back pay is subject to withholding

7

where employees did not receive promotions), <u>cert. denied sub nom. AT&T Tech. Inc. v. Blim</u>, 469 U.S. 874 (1984).

The United States points to one revenue ruling (cited in the factual background section of <u>Melani</u>) where an award for a refusal to hire was considered wages for withholding purposes, though no actual or previous employment relationship existed. <u>See</u> Rev. Rul. 78-176, 1978-1 C.B. 303 (holding that when wrongful discrimination precludes the formation of an employer-employee relationship under the usual rules to be applied, compensatory payments made are considered wages for purposes of withholding). In our view, this agency ruling is out of step with the plain statutory language, which defines wages in terms of an employee-employer relationship. The statute defines employees in terms of "the <u>usual common law rules</u> applicable in determining the employer-employee relationship." 26 U.S.C. § 3121(d) (emphasis added). To the contrary, Revenue Ruling 78-176 concludes that back pay for loss of prospective employment constitutes wages, relying on Congress's intent through Title VII to allow compensatory payments even where the employer's wrongful discrimination "precluded the existence of an employer-employee relationship under the usual rules to be applied in determining that relationship." Although the compensatory award is proper, it does not constitute wages under the Tax Code unless it meets the statutory definition, and a revenue ruling cannot alter the plain language of the statute. <u>See</u> <u>Mercantile Bank & Trust Co. v. United States</u>, 441 F.2d 364, 368 (8th Cir. 1971) (holding revenue rulings are not binding on courts and conflicts between a revenue ruling and a statute must be resolved by the statute). Ruling 78-176 also relies on Supreme Court precedent, citing <u>Nierotko</u>; but in that case, contrary to the revenue ruling, the Supreme Court found that Mr. Nierotko was an employee whom the employer had wrongfully attempted to terminate. 327 U.S. at 365 (stating, "[s]ince Nierotko remained an employee under the definition of the Labor Act, although his employer had attempted to terminate the relationship, he had 'employment' under that Act" sufficient to satisfy the broad language of the statute defining wages). Accordingly, we are not persuaded by Revenue Ruling 78-176.

In our view, Newhouse's back pay award does not represent wages in the context presented here because Newhouse was not an employee for withholding purposes within the meaning of the Tax Code at the time of the discrimination resulting in the judgment, and the judgment did not arise out of any previous employment relationship. While the definitions of wages and employment are to be broadly construed, we hesitate to stretch them to cover a situation that never involved either wages or employment. Any such redefinition of those terms is a job for the Congress, not the federal courts. The Tax Code requires withholding for wages arising out of an employment relationship, not for a judgment representing wages upon loss of a prospective employment relationship.

McCormick and the United States argue that the courts have all treated back pay awards resulting from improper dismissal as subject to withholding, so front pay should be treated similarly because both types of award represent wages for services that would have been rendered absent discrimination. We need not address the merits of this argument in light of our conclusion that no previous or present employment relationship existed in this case to trigger the withholding requirement. Thus, McCormick had no duty or authority to withhold payroll taxes on either the back or front pay awards in this case. The absence of a current or previous employment relationship precludes application of the withholding requirement altogether and effectively eliminates the need for us to address each of McCormick's remaining arguments.

We note that although the front and back pay awards are not wages in this context, they are income and must be included in Newhouse's gross income and reported as required by the IRS. See Commissioner of Internal Revenue v. Schleier, 515 U.S. 323, 327 (1995) (holding an ADEA recovery not excludable from gross income), United States v. Burke, 504 U.S. 229, 242 (1992) (holding a payment in settlement of a Title VII back pay claim was not excludable from gross income). Newhouse admitted as much at oral argument.

9

We conclude that the district court did not abuse its discretion by denying McCormick's Rule 60(b)(5) motion for release from the judgment. Additionally, because we agree with the district court that McCormick's tendered payment did not satisfy the judgment, we conclude that the district court did not abuse its discretion in granting judgment on the supersedeas bond and requiring interest to continue to accrue. The partial stay we entered on September 24, 1997, is hereby dissolved.

III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

10