Mary Ann LONGSTRETH, Plaintiff,

v.

Tom COPPLE and MCI Telecommunications Corporation, a Delaware Corporation, Defendants.

No. C97–4100 MWB.

United States District Court, N.D. Iowa, Western Division.

June 26, 2000.

Dawn E. Mastalir, Berenstein, Moore, Berenstein, Heffernan & Moeller, L.L.P., Sioux City, IA, for plaintiff.

Sarah J. Kuehl, Heidman, Redmond, Fredregill, Patterson, Plaza & Dykstra, L.L.P., Sioux City, IA, for defendants.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ORDER COMPELLING PAYMENT IN FULL OF JUDGMENT

BENNETT, Chief Judge.

In this case, the court is called upon to determine whether defendants, MCI Worldcom ("MCI"), formerly known as MCI Telecommunications Corporation, and Tom Copple ("Copple"), properly withheld statutory deductions from an Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, accepted by plaintiff, Mary Ann Longstreth ("Longstreth").

Initially, Longstreth filed suit against MCI and Copple pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, seeking damages for alleged violations of the Act. On November 23, 1999, defendants served an Offer of

Judgment to allow judgment to be taken against them in the amount of $40,000.00, together with costs accrued to date, but not including any attorney fees accrued to date. Longstreth timely accepted this offer, and entry of this Offer of Judgment was filed on January 3, 2000.

On May 22, 2000, counsel for Longstreth received two checks from the defendants. One in the amount of $1,759.06 for costs, and another in the amount of $23,340.00 intended to represent payment of the $40,000.00 judgment less the following statutory deductions: $2,480.00 for Social Security taxes; $580.00 for Medicare taxes; $11,200.00 for federal income taxes and; $2,400.00 for state income taxes. Longstreth has returned both of these checks to the defendants, and on May 24, 2000, Longstreth filed a Motion for Order Compelling Payment in Full of Judgment, which the defendants resisted. Specifically, Longstreth is seeking an order from the court requiring the defendants to remit $1,759.06 to Longstreth for payment of costs, and the full $40,000.00, without any statutory deductions, plus post-judgment interest to Longstreth for satisfaction of the judgment.

On June 15, 2000, the court heard oral arguments on plaintiff's motion. Longstreth was represented by Dawn E. Mastalir of Berenstein, Moore, Berenstein, Heffernan & Moeller, Sioux City, Iowa. Defendants MCI and Copple were represented by Sarah J. Kuehl of Heidman, Redmond, Fredregill, Patterson, Plaza & Dykstra, L.L.P., Sioux City, Iowa.

Longstreth sets forth three reasons in support of her argument that she is entitled to the full amount of the Offer of Judgment, or $40,000.00, without any statutory wages deducted. First, Longstreth argues that if the defendants had wanted the Offer of Judgment to be for $40,000.00 less statutory wage deductions, the defendants should have included such language in the terms of the offer. Because the defendants failed to include such language, Longstreth argues that they should not now be able to state that statutory wages were supposed to be deducted. Second, Longstreth argues that even if the defendants have an obligation to withhold taxes on wages, there remains a question as to the amount of the award, if any, that constitutes taxable wages. Longstreth asserts that the offer does not allocate the lump sum of the $40,000.00: that is, the defendants do not indicate whether the amount constitutes lost past income and benefits, lost future income and benefits, actual and compensatory damages, or liquidated damages. Third, Longstreth argues that the Offer of Judgment was made by defendants MCI and Tom Copple. Thus, Longstreth argues because the offer was made by defendants, it is possible that the offer represents damages payable by Tom Copple, and individually, Copple would have no obligation to withhold any amount for employment taxes. Accordingly, Longstreth argues because the defendants' Offer of Judgment does not say that any taxes due will be deducted from the $40,000.00, and likewise does not say that the judgment will be paid independently by MCI, the offer should be construed against the defendants, and Longstreth should receive payment of the $40,000.00 judgment, plus post-judgment interest.

In contrast, defendants argue that the $40,000.00 judgment payable to Longstreth represents taxable wages and compensation payable to Longstreth by the defendants. Specifically, defendants assert that MCI is required by federal and state law to withhold from wages paid to its employees, amounts owed by the employees for Social Security, Medicare, federal income tax, and state income tax. Further, defendants argue because Longstreth cannot recover damages for personal physical injury or sickness under the FMLA, which Longstreth would otherwise be able to exclude from her gross income pursuant to 26 U.S.C. § 104(a)(2), the $40,000.00 represents wages that are taxable.

■ The court agrees with the defendants' statement that MCI is required by

federal and state law to withhold from wages paid to its employees amounts owed by the employees for statutory wage deductions. This point was squarely addressed by the Eighth Circuit Court of Appeals in *Newhouse v. McCormick & Co., Inc.*, 157 F.3d 582 (8th Cir.1998). The *Newhouse* court stated that the key question in determining whether a defendant is required to withhold statutory deductions from an award is whether the plaintiff's award constitutes "wages." In its analysis, the *Newhouse* court considered, *inter alia,* the following relevant portions of the Internal Revenue Code:

> The Internal Revenue Code provides that "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. § 3402(a)(1). The Code defines wages broadly as "all remuneration for employment," unless specifically excepted. 26 U.S.C. § 3121(a); 26 C.F.R. § 31.3121(a)–1 (1998). "Remuneration for employment" constitutes wages regardless of the name by which it is designated and even though the employer and employee relationship no longer exists at the time the remuneration is paid. 26 C.F.R. § 3121(a)–1(c), (i). Employment "means any service, of whatever nature, performed ... by an employee for the person employing him." 26 U.S.C. § 3121(b).

*Newhouse,* 157 F.3d at 584–85. The *Newhouse* court pointed out that in making this determination, it is important to demonstrate an employer-employee relationship in order to label an award as wages for purposes of triggering the withholding requirement. Ultimately, the *Newhouse* court concluded that the plaintiff's back pay award did not represent wages because at the time of the judgment, plaintiff was never hired by the defendant, and because there was never any previous employment relationship between them. *Id.* at 587; *see also Mayberry v. United States,* 151 F.3d 855, 860 (8th Cir.1998)

(stating that crucial to the determination that the award constituted wages was that the plaintiff's employment relationship had been factored into the award). Here, because there was a previous employment relationship between Longstreth and MCI, the court notes that had MCI included language in the Offer of Judgment indicating that the $40,000 made payable to Longstreth represented payment on behalf of both MCI and Tom Copple, MCI's withholding of statutory deductions would have been proper. *But see Churchill v. Star Enters.,* 3 F.Supp.2d 622, 624–25 (E.D.Pa. 1998) (stating, following verdict for plaintiff in action against employer brought under the FMLA, that "the jury's award does not and cannot represent wages for services performed since [the plaintiff] performed none during the relevant time frame," and, therefore, "no withholding is mandated under federal or state law"). However, because MCI failed to include such language in the Offer of Judgment, the court is not persuaded that the judgment of $40,000.00 was made payable solely by MCI to Longstreth, thus triggering the withholding requirements discussed in *Newhouse.* It must be remembered that Longstreth sued not only MCI, but also Tom Copple, for violations of the FMLA, and that it was the defendants, collectively, who made the Rule 68 Offer of Judgment to Longstreth. Longstreth points this out, arguing that because the Offer of Judgment was made by defendants, it is possible that the $40,000.00 represents damages payable by Copple who has no obligation to withhold statutory deductions. The court agrees.

■ In reviewing the plain language of the FMLA, and the existing case law, the court finds that individual liability exists under the FMLA. The FMLA defines an "employer" as, *inter alia,* "any person who acts directly or indirectly in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(1). Based on the plain language of the FMLA, the court finds

that the FMLA expresses an intent to provide for individual liability. *Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 412 (M.D.Pa.1999) (stating that the plain language of the statute evinces an intent to provide for individual liability); *accord Meara v. Bennett,* 27 F.Supp.2d 288, 291 (D.Mass.1998) ("This language clearly suggests that individuals are contemplated as defendants under [the FMLA]"). Moreover, a majority of the courts that have interpreted the FMLA as allowing for individual liability have noted that the definition of employer in the FMLA closely resembles the definition of employer as contained in the statutory language of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* which defines an "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). *See Wascura v. Carver,* 169 F.3d 683, 685–87 (11th Cir. 1999) (holding that the definition of employer in the FMLA should be interpreted based upon FLSA—not Title VII, ADEA, and ADA—precedent); *Buser v. Southern Food Serv. Inc.,* 73 F.Supp.2d 556, 562 (M.D.N.C.1999) (stating that consistent with the majority view, individual liability may be imposed under the FMLA); *Carpenter v. Refrigeration Sales Corp.,* 49 F.Supp.2d 1028, 1030 (N.D.Ohio 1999) ("Defendants do not dispute that supervisors and managers can be held individually liable under the FMLA under certain circumstances. Indeed, this is the majority view."); *Kilvitis,* 52 F.Supp.2d at 414 ("Given the similarity between the definition of an 'employer' under the FLSA and the FMLA, the regulatory determination that individual liability exists under the FMLA, and the growing case law that permits individual liability under the FMLA, I find that the FMLA permits individual liability."); *Meara,* 27 F.Supp.2d at 291 ("Although the court has not been able to locate any Court of Appeals decisions addressing the issue of individual liability under the recently-enacted FMLA, the decisional law developing at

the district court level favors individual liability."); *Bryant v. Delbar Prods., Inc.,* 18 F.Supp.2d 799, 808 (M.D.Tenn.1998) (noting that majority of courts have determined that FMLA extends individual liability to those who control a plaintiff's ability to take a leave of absence); *Mercer v. Borden,* 11 F.Supp.2d 1190 (C.D.Cal. 1998) ("Since the definition of 'employer' in the FMLA is identical to the definition of 'employer' in the FLSA, the Court holds that individuals are potentially subject to liability under the FMLA. The plain language of the FMLA appears to compel this result."); *Rupnow v. TRC, Inc.,* 999 F.Supp. 1047, 1048 (N.D.Ohio 1998) ("A review of the district court cases cited by the parties indicates that the weight of authority favors individual liability for a supervisor where the supervisor 'exercise[s] sufficient control over plaintiff's ability to take protected leave' "); *Stubl v. T.A. Sys., Inc.,* 984 F.Supp. 1075, 1085 (E.D.Mich.1997) ("Although reasonable arguments could be made that the policy rationale underlying the Title VII decisions finding no individual liability should dictate the same result under the FMLA, the plain language of the statute and the regulations mandate otherwise."); *Waters v. Baldwin County,* 936 F.Supp. 860, 863–864 (S.D.Ala.1996) (finding individual liability under the FMLA in accord with FLSA individual liability decisions); *Knussman v. State of Md.,* 935 F.Supp. 659, 664 (D.Md.1996) ("[L]iability of individual defendants in their individual capacities is not foreclosed under the FMLA."); *Johnson v. A.P. Prods., Ltd.,* 934 F.Supp. 625, 629 (S.D.N.Y.1996) (following FLSA case law to determine individual liability exists under the FMLA where supervisor exercised control over plaintiff's ability to take leave); *Freemon v. Foley,* 911 F.Supp. 326, 332 (N.D.Ill.1995) ("[B]ecause of the expansive interpretation given to the term 'employer' in the FLSA, we believe the FMLA extends to all those who controlled 'in whole or in part' [the plaintiff's] ability to take a leave of absence and

return to her position"). *But See Carter v. Rental Uniform Serv. of Culpeper, Inc.,* 977 F.Supp. 753, 759 (W.D.Va.1997) (following Title VII case law and finding no individual liability under the FMLA); *Frizzell v. Southwest Motor Freight, Inc.,* 906 F.Supp. 441, 449 (E.D.Tenn.1995) (same). Even the implementing regulations under the FMLA recognize that the FMLA and FLSA provide the same definition of employer, and the regulations instruct that individual liability arises under the FMLA. 29 C.F.R. § 825.104(d). Therefore, consistent with the majority view, as well as seeking guidance from the FLSA, this court concludes that individual liability may be imposed under the FMLA.

■ In addition, this court notes that the language contained in the damages provision of the FMLA supports the conclusion that the FMLA provides for individual liability. The FMLA affords the following relief for an aggrieved employee:

(A) for damages equal to—

(i) the amount of—

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee;

(ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and

(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and

(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

29 U.S.C. § 2617(a). The court pays particular attention to the use of the phrase "equal to the amount of" any denied or lost wages, which suggests that Congress intended that individual liability exist under the FMLA. This is so, because if individuals are held liable under the FMLA, they are required to pay damages that are "equal to the amount of" any denied or lost wages, as opposed to "backpay." The phraseology of "equal to the amount of" included in the damages provision of the FMLA is unique as compared with other employment discrimination statutes. For example, the term "backpay" does not appear in the FMLA, whereas "backpay" is expressly provided for in the damages provisions of both Title VII, and the ADA, both of which do not allow for individual liability. *See Bales v. Wal–Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir.1998) (stating that Title VII does not impose individual liability on an employer's agents) and *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir.1999) (noting that Title II of the ADA provides disabled individuals redress for discrimination by a "public entity," not by individuals, citing 42 U.S.C. § 12131(1), and it appeared unlikely, in light of decisions rejecting individual liability under Title I of the ADA that individual liability existed under Title II of the ADA). Moreover, the ADEA damages provision provides for, *inter alia,* "unpaid minimum wages or unpaid overtime compensation," which the Eighth Circuit Court of Appeals has referred to as "backpay." *See Wiehoff v. GTE Directories Corp.,* 61 F.3d 588, 593

(8th Cir.1995) (stating that the ADEA provides that a person who has been the subject of "a violation of this chapter," is entitled to backpay in the form of "unpaid minimum wages or unpaid overtime compensation"). Although this court, in *Schallehn v. Central Trust & Savings Bank*, 877 F.Supp. 1315 (N.D.Iowa 1995), concluded that the ADEA allowed for individual liability, the Eighth Circuit Court of Appeals subsequent holding in *Lenhardt v. Basic Institute of Technology*, 55 F.3d 377 (8th Cir.1995), has cast doubt on the *Schallehn* decision, indicating that the Eighth Circuit will ultimately conclude that the ADEA does not allow for individual liability. Even the damages provision of the FLSA, which does allow for individual liability, as discussed above, provides for, *inter alia*, "unpaid minimum wages or unpaid overtime compensation." *See* 29 U.S.C. § 216(b). Significantly, therefore, none of these employment discrimination statutes, namely, Title VII, the ADA, the ADEA, or the FLSA, allow an aggrieved employee to recover damages "equal to the amount of" lost wages, etc., thus illustrating the uniqueness of the FMLA. Accordingly, this court concludes that the inclusion of the language "equal to the amount of" recognizes that damages available under the FMLA do not *per se* constitute wages that are subject to statutory deductions. *See Churchill*, 3 F.Supp.2d at 624 (stating that an employer who violates the FMLA is liable not for any denied or lost wages but for damages "equal to the amount of" any denied or lost wages).

Accordingly, because the defendants failed to allocate which portion of the $40,000.00 judgment represented payment by MCI as opposed to payment by Copple, the court is unable to ascertain what amount of the $40,000.00 constitutes wages for purposes of statutory wage deductions. *See Tungseth v. Mutual of Omaha Ins. Co.*, No. 3–91–525, 1993 WL 764640, at *2 (D.Minn. July 30, 1993) (stating that even if withholding were otherwise appropriate, because the jury verdict did not delineate the plaintiff's damages, it is not possible to determine the proper amount in this case), *aff'd*, 43 F.3d 406 (8th Cir.1994). Indeed, the court finds that although the $40,000.00 judgment could be construed as damages payable by MCI, as defendants argue, thus triggering the withholding requirement, the court finds that the $40,000.00 judgment could likewise be construed as damages payable by Copple, individually, which would not trigger the withholding requirement. As a result, the court concludes that the defendants cannot withhold statutory deductions from Longstreth's judgment of $40,000.00. However, the court denies Longstreth's request for post-judgment interest on the $40,000.00, as well as reasonable attorney fees for legal expenses incurred in pursuing this motion.

In deciding this pending motion, the court does not pass on what, if any, taxes or other contributions Longstreth may owe to the IRS on the monies received as a result of the judgment. *See Newhouse*, 157 F.3d at 587 (noting that although the front and back pay awards are not wages in this context, they are income and must be included in Newhouse's gross income and reported as required by the IRS) (citing *Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 327, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995) and *United States v. Burke*, 504 U.S. 229, 242, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992)). Therefore, Defendants are obligated to pay Longstreth the entire amount of the $40,000.00 judgment, as well as costs in the amount of $1,759.06.

**IT IS SO ORDERED.**