# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2924

_____

| | | |
|---|---|---|
| Kitty Fern Eaddy, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Donnie Joe Yancey, individually and | * | |
| as Sheriff of Izard County, Arkansas; | * | |
| Izard County, Arkansas; Willene Bray, | * | |
| also known as Willie Bray, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 16, 2003

Filed: January 31, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Kitty Fern Eaddy appeals the denial of her motion for partial summary judgment following a jury trial on her claims under 42 U.S.C. § 1983 against Donnie Joe Yancey, individually and as Sheriff of Izard County, Arkansas; Izard County,

Arkansas; and Deputy Willie Bray. Because the District Court's[1] order denying Eaddy's motion for partial summary judgment is unreviewable after a full trial on the merits, we affirm the judgment below.

Eaddy commenced this suit on February 20, 2001, bringing claims for unreasonable search and seizure, false arrest, and malicious prosecution. In her complaint, she alleges that during the evening of March 4, 1998, Sheriff Yancey and other officers of the sheriff's department entered her home to administer a drug test on Michael Leggett, a parolee, who was staying with Eaddy at the time. Eaddy contends that after testing Leggett, the officers searched her home without a warrant. Shortly thereafter, Sheriff Yancey summoned Deputy Bray to the residence to conduct a strip search of Eaddy, which allegedly included visual inspection and digital penetration of Eaddy's vagina and rectum. The police arrested Eaddy three weeks later on charges of possession of a controlled substance and possession of drug paraphernalia. Those charges, to which Eaddy pleaded guilty, arose from the search of her residence on March 4.

Shortly after filing this lawsuit, Eaddy brought a motion for partial summary judgment on her unreasonable-search-and-seizure claim. In response, the defendants took several depositions and denied the factual allegations in Eaddy's motion. In particular, the defendants claimed that Eaddy consented to the visual search by Deputy Bray and that Eaddy was not subjected to any strip or body-cavity search. The defendants also brought their own motion for summary judgment on Eaddy's claims. On November 26, 2001, the District Court granted the defendants' motion for summary judgment on Eaddy's claims for false arrest and malicious prosecution, but denied their motion for summary judgment on the search-and-seizure claim. The District Court also denied Eaddy's motion for partial summary judgment, finding

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

material questions of fact existed regarding the search of Eaddy's person. Eaddy's case then went to trial on her unreasonable-search-and-seizure claim, and the jury returned a verdict in favor of the defendants. Eaddy did not renew her summary judgment argument by moving for judgment as a matter of law during the trial, nor did she do so after the jury's verdict. See Fed. R. Civ. P. 50(a),(b).

Eaddy's counsel expends great effort arguing that the District Court erred in denying the motion for partial summary judgment, but counsel's argument on this point is an exercise in futility. For whatever reason, Eaddy's counsel failed to renew the summary-judgment grounds in a Rule 50 motion for judgment as a matter of law at the close of the evidence or after the jury's verdict. A denial of the Rule 50 motion would, of course, have been appealable upon entry of final judgment. Despite the omission, Eaddy's counsel now urges us to review the District Court's decision denying the motion for partial summary judgment. Even a cursory review of precedent in this Circuit reveals that we do not review a denial of a summary-judgment motion after a full trial on the merits. See Bakker v. McKinnon, 152 F.3d 1007, 1010 (8th Cir. 1998) ("[T]he denial of summary judgment is interlocutory in nature and not appealable after a full trial on the merits; judgment after a full trial on the merits supersedes earlier summary judgment proceedings."); Cowan v. Strafford R-VI Sch. Dist., 140 F.3d 1153, 1157 (8th Cir. 1998) (same); Metro. Life Ins. Co. v. Golden Triangle, 121 F.3d 351, 354 (8th Cir. 1997) ( "[W]e are unable to review the denied summary judgment motion because [plaintiff] had a full and fair opportunity to litigate its position before a jury."); Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co., 19 F.3d 431, 434 (8th Cir. 1994) ("A ruling by a district court denying summary judgment is interlocutory in nature and not appealable after a full trial on the merits."); Bottineau Farmers Elevator v. Woodward-Clyde Consultants, 963 F.2d 1064, 1068 n.5 (8th Cir. 1992) ("Denial of summary judgment is not properly reviewable on appeal from a final judgment entered after a full trial on the merits.").

Notwithstanding our overwhelming precedent, Eaddy's counsel argues that this rule is "unfair and illogical" and should not be followed in this appeal. Reply Br. at 4. Even if we were able to entertain this argument absent an en banc proceeding, which we are not, we would reject this argument. To allow Eaddy to proceed on this basis would undermine Federal Rule of Civil Procedure 50(a) and (b) and 28 U.S.C. § 1292(b) (permitting a party to move to appeal an interlocutory order of the district court if the district court certifies the order for appeal). We do not reward litigants who fail, whether inadvertently or intentionally, to exercise their rights under the Federal Rules of Civil Procedure. Moreover, the record after a full trial is often materially different from the record that was before the district court when it denied summary judgment. In this case, the District Court determined that a trial on the merits of Eaddy's search-and-seizure claim was warranted because the facts were "very much in dispute." Order of Nov. 26, 2001, at 1. After a three-day trial, the jury found against Eaddy on this claim. Had Eaddy's counsel believed the jury verdict was the product of trial error or lacked evidentiary support, he should have filed a motion for judgment as a matter of law or, in the alternative, for a new trial. He did not make such a motion, and we refuse to review the pretrial submissions in support of Eaddy's partial summary judgment motion after Eaddy had a full and fair opportunity to litigate her claim before the jury.

For the reasons stated, we decline to review the District Court's denial of Eaddy's motion for partial summary judgment and affirm the judgment below.[2]

---

[2]In the future, we trust that counsel for the appellant—having admitted to this Court during oral argument that his investigation of the applicable law was inadequate—will conduct a more thorough investigation of the law before filing appeals so obviously foreclosed by Circuit precedent. We also expect that counsel for the appellant, in his written submissions to this Court, will avoid making irrelevant and improper comments about a party's sexual preferences, especially when the record is devoid of anything bearing on this subject, as it is here. Counsel has come perilously close to violating Rule 38 of the Federal Rules of Appellate Procedure in bringing this appeal. See Newhouse v. McCormick & Co., 130 F.3d

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

302, 305 (8th Cir. 1997) ("Order on Cross Motions for Attorneys' Fees") ("An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." (citation to quoted case omitted)).