Michael Anthony MERCER, Plaintiff.

v.

Candace BORDEN, et. al., Defendants.

No. SA CV 98–266–GLT [AM].

United States District Court,
C.D. California.

July 24, 1998.

Gloria Dredd Haney, Law Offices of Gloria Dredd Haney, Anaheim Hills, CA, for Plaintiff.

David M. Lester, Michael R. Goldstein, Musick, Peeler & Garrett, LLP, Los Angeles, CA, for Defendants.

---

## ORDER

TAYLOR, District Judge.

On first Ninth Circuit impression, the Court holds the Family and Medical Leave Act, 29 U.S.C. § 2601 and following, extends potential liability to individuals.

### I. *BACKGROUND*

Plaintiff alleges various wrongful employment practices against his employer and several manager-level individuals, including refusal to allow Plaintiff to take leave to care for his wife during a dangerous pregnancy. Among other claims, Plaintiff asserts a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 and following.

The individual manager-level defendants move to dismiss the FMLA claim, contending individual defendants cannot be liable under that statute.

### II. *DISCUSSION*

Whether potential liability under the FMLA extends to individuals is an issue of first impression in the Ninth Circuit. Additionally, no other Circuit Court has yet decided this issue, and the few district courts that have addressed it reached different conclusions. However, there is a clear weight of authority.

Most of the district courts that have considered the question have concluded potential liability under the FMLA extends to individuals. The definition of "employer" in the FMLA is identical to the definition of "employer" in the Fair Labor Standards Act ("FLSA"). Both FMLA and FLSA extend employer status to "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(1); 29 U.S.C. § 203(d). Therefore, these courts have adopted an expansive interpretation of "employer," and have applied case law regarding individual liability under the FLSA. Since individuals can be liable under the FLSA,[1] the courts conclude individuals can also be liable under the FMLA. *See Stubl v. T.A. Systems, Inc.* 984 F.Supp. 1075, 1084 (E.D.Mich.1997); *Waters v. Baldwin County* 936 F.Supp. 860, 863 (S.D.Ala.1996); *John-*

*son v. A.P. Products, Ltd.,* 934 F.Supp. 625, 628 (S.D.N.Y.1996)(citing *Falk v. Brennan,* 414 U.S. 190, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973)); *Freemon v. Foley* 911 F.Supp. 326, 330 (N.D.Ill.1995).

In contrast, the Eastern District of Tennessee has concluded liability under the FMLA does not extend to individuals. *Frizzell v. Southwest Motor Freight, Inc.* 906 F.Supp. 441 (E.D.Tenn.1995). *Frizzell* held the term "employer" as used in the FMLA should be construed the same as the term "employer" is construed under Title VII, which does allow liability for individuals who are not otherwise employers. *Frizzell* omits to mention, however, that the "employer" definition in the FMLA is different from the definition in Title VII (which doesn't permit individual liability), but is the same as the definition in the Fair Labor Standards Act (which does permit individual liability).

The Ninth Circuit has recognized that, in determining whether liability extends to managing individuals in wrongful employment practice cases, comparative "employer" definitions in the respective statutes are significant. *Miller v. Maxwell's International, Inc.,* 991 F.2d 583 (9th Cir.1993) (comparing similar "employer" definitions under Title VII and the Age Discrimination in Employment Act of 1967, but contrasting different definition in the Fair Labor Standards Act).

Since the definition of "employer" in the FMLA is identical to the definition of "employer" in the FLSA, the Court holds individuals are potentially subject to liability under the FMLA. The plain language of the FMLA appears to compel this result.

### III. *DISPOSITION*

Since the individual defendants are alleged to be manager-level personnel who violated the FMLA, Plaintiff has stated a claim and the motion to dismiss is DENIED.

---

**1.** Although the Ninth Circuit has not yet ruled whether individuals are potentially liable under the Fair Labor Standards Act, it appears likely it would follow the prevailing view that they are.