**Michael J. MEARA, Plaintiff,**

v.

**William M. BENNETT, District Attorney, Hampden County, Defendant.**

**No. CIV. A. 97–30220–MAP.**

United States District Court,
D. Massachusetts.

Dec. 2, 1998.

Kevin G. Powers, Robert S. Mantell, Law Office of Kevin G. Powers, Boston, MA, for Plaintiff.

Deborah S. Steenland, Howard R. Meshnick, Attorney General's Office, Boston, MA, for Defendant.

*MEMORANDUM REGARDING DEFENDANT'S MOTIONS TO DISMISS* (Docket Nos. 3 & 5)

PONSOR, District Judge.

## I. *INTRODUCTION*

The plaintiff, a former Assistant District Attorney for Hampden County, has sued William M. Bennett, the Hampden County District Attorney, alleging unlawful discrimination based on mental disability. The five-count complaint asserts claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.,* ["ADA"] (Count I); the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.,* ["FMLA"] (Count II); 42 U.S.C. § 1983 (Count III); and Mass. Gen.

Laws ch. 151B, §§ 4(16) & 5 (Count IV). The plaintiff also presses a claim of retaliation under Mass. Gen. Laws ch. 149, § 185 (Count V). All counts name Bennett in both his individual and official capacities.[1]

Two motions to dismiss have been filed. In the first, defendant has moved to dismiss Counts III through V against him in his official capacity. This motion is uncontested and will be allowed.

In the second, defendant has moved to dismiss all counts against him in his individual capacity. The motion directed to Count V is uncontested and will be allowed. For the reasons set forth below, the motion will also be allowed with regard to Count I(ADA) and Count III (§ 1983). The result of the court's rulings will be that the litigation will proceed on Counts I and II against defendant in his official capacity and on Counts II and IV against defendant individually.

## II. *FACTS*

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the facts as asserted in the complaint as true. *See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992). The motion must be denied unless the court finds "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The facts set forth below are considered according to this standard.

The plaintiff, Michael J. Meara, ["Meara"] began working as an Assistant District Attorney for Hampden County in May 1990. *Compl.* at ¶ 3. Though he began to have depressive episodes as early as June 1995, Meara performed his duties competently and was never subject to disciplinary action. *Id.* at ¶ 5–6. On April 11, 1996, however, Meara suffered a breakdown while in court. *Id.* at ¶ 7. He began treatment for depression and, on April 17, 1996, was placed on administrative leave by the defendant, Hampden Coun-

1. Technically, the complaint names the "Hampden County District Attorneys Office" *and* William Bennett in his official capacity, construed as a single entity, as the second defendant. For ease of reference, the court will speak of the defendants as William Bennett in his individual capacity and in his official capacity.

ty District Attorney, William Bennett, ["Bennett"] who promised Meara that he could return to his duties once he was cleared medically. *Id.* at ¶ 8–10.

In May 1996, Meara's physician informed Bennett, via certified mail, that Meara was cleared for work. *Id.* at ¶ 11. When Meara attempted to return to work in June 1996, Bennett prevented him from doing so. *Id.* at ¶ 12. At a meeting in July 1996, Bennett told Meara to resign. *Id.* at ¶ 13. Bennett terminated Meara's position on or about September 11, 1996. *Id.* at ¶ 14.

## III. *DISCUSSION*

Putting to one side the uncontested portions of defendant's motions, two straightforward issues remain before the court. First, can a complaint under the federal ADA and FMLA statutes, or under Mass. Gen. Laws ch. 151B, be filed against an *individual?* Second, does the complaint state a viable claim under 42 U.S.C. § 1983?

Although case law is not entirely consistent, the stronger arguments and the weight of authority support the conclusion that the law permits no claim against an individual under the ADA. By contrast, virtually unanimous authority supports individual liability under both the FMLA and ch. 151B. The court will therefore allow the motion to dismiss Count I, and deny it as to Counts II and IV.

Regarding the claim under § 1983 (Count III), it is clear, as two circuits have already held, that the ADA provides a sufficiently comprehensive scheme to address discrimination based on disability. For the reasons discussed below, a claim under § 1983 therefore will not lie. Accordingly, Count III will be dismissed.

### A. *Count I: Individual Liability Under the ADA*

The ADA defines an employer as "a person engaged in an industry affecting commerce ... and any agent of such person ...." 42 U.S.C. § 12111(5)(A). This language echoes the definition of employer set forth in Title VII of the 1964 Civil Rights Act, 42 U.S .C. § 2000e(b). It makes sense, therefore, to treat the issue of individual

liability the same under the ADA and Title VII.

The First Circuit has so far explicitly declined to address the question of individual liability under Title VII. *See Morrison v. Carleton Woolen Mills, Inc.*, 108 F.3d 429, 444 (1st Cir.1997). But most other circuits, and most other judges within the District of Massachusetts, have held that Title VII permits no individual liability. Judge Lindsay's thoughtful discussion of this issue in *Chatman v. Gentle Dental Center of Waltham*, 973 F.Supp. 228 (D.Mass.1997), notes that "[o]f the eleven circuits that have addressed the question, ten have rejected the imposition of individual liability under Title VII." *Id.* at 237. A convincing rationale for this conclusion is Title VII's limitation of potential employer/defendants to entities with fifteen or more employees. The Second Circuit described as "inconceivable" the notion "that a Congress concerned with protecting small employers would simultaneously allow civil liability to run against individual employees." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir.1995) (citing *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir.1993)); *Danio v. Emerson College*, 963 F.Supp. 61, 62 (D.Mass.1997); *but see Ruffino v. State St. Bank & Trust Co.*, 908 F.Supp. 1019, 1047 (D.Mass.1995).

Courts of Appeals that have directly addressed the issue of individual liability under the ADA have applied the Title VII analogy and concluded that no such liability exists. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.1996); *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir.1995). Within the First Circuit, Judge Acosta in Puerto Rico has also explicitly found no individual liability under the ADA. *See Figueroa v. Fajardo*, 1 F.Supp.2d 117, 120 (D.P.R.1998). Other district courts have reached the same conclusion. *See Jenkins v. Board of Educ. of Houston Indep. Sch. Dist.*, 937 F.Supp. 608, 612 (S.D.Tex.1996); *Briggs v. North Shore Sanitary Dist.*, 914 F.Supp. 245, 250 (N.D.Ill.1996).

■ In light of these decisions, it appears virtually settled at this point that no individual liability exists under the ADA; the court

will therefore grant defendant's motion on this count.

B. *Count II: Individual Liability Under the FMLA*

▆ Although the court has been unable to locate any Court of Appeals decisions addressing the issue of individual liability under the recently-enacted FMLA, the decisional law developing at the district court level favors individual liability. Courts addressing the issue have noted the virtually word-for-word similarity between the definition of employer in the FMLA and the wording of the Fair Labor Standards Act, 29 U.S.C. § 203(d) ("FLSA"). The definition differs markedly from the Title VII standard. Under the FMLA, "employer" includes "any person who acts, directly or indirectly in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(II). This language clearly suggests that individuals *are* contemplated as defendants under this statute.

The seminal case finding individual liability under the FMLA, based on the similarity between the language of that statute and the FLSA, is *Freemon v. Foley*, 911 F.Supp. 326, 330 (N.D.Ill.1995). Numerous courts have adopted its analysis. *See Bryant v. Delbar Products, Inc.*, 18 F.Supp.2d, 799, 807 (M.D.Tenn.1998); *Norris v. North Am. Publ'g Co.*, No. CIV. A. 96–8662, 1997 WL 102520 (E.D.Pa. February 27, 1997); *Waters v. Baldwin County*, 936 F.Supp. 860, 863 (S.D.Ala.1996); *Knussman v. Maryland*, 935 F.Supp. 659, 664 (D.Md.1996); *Johnson v. A.P. Products, Ltd.*, 934 F.Supp. 625, 628–29 (S.D.N.Y.1996). *But see Frizzell v. Southwest Motor Freight, Inc.*, 906 F.Supp. 441, 449 (E.D.Tenn.1995) (denying individual liability under FMLA by analogy to Title VII).

This court will follow the path already marked by these district courts; thus, the motion to dismiss this count will be denied.

C. *Count IV: Individual Liability Under Mass. Gen. Laws. ch. 151B*

▆ This court has itself previously held that individuals may be held liable under this state statute. *See Morehouse v. Berkshire Gas Co.*, 989 F.Supp. 54, 61 (D.Mass.1997).

Judge Gertner reached the same conclusion in *Ruffino v. State Street Bank & Trust Co.*, 908 F.Supp. 1019, 1047–48 (D.Mass.1995). Similarly, Judge Lindsay assumed potential individual liability under chapter 151B, even while concluding that individual liability under Title VII was barred as a matter of law. *See Chatman v. Gentle Dental Center of Waltham*, 973 F.Supp. 228, 232 n. 8 (D.Mass. 1997). State courts have also found that individuals may be liable under chapter 151B. *See, e.g., Winsmann v. Choate Health Management, Inc.*, No. CIV. A. 97–6561, 1998 WL 282901, at *6 (Mass.Sup.Ct. May 29, 1998); *Andrews v. Cressy*, No. CIV. A. 97–01426, 1998 WL 157002, at *2 (Mass.Sup.Ct. March 4, 1998).

In sum, the authorities on this point are virtually unanimous. Defendant's motion to dismiss this count will be denied.

D. *Count III: 42 U.S.C. § 1983*

The defendant seeks to dismiss the § 1983 count on the ground that the plaintiff, as an at-will employee, possessed no "property interest" in his continued employment as an assistant district attorney at the time of his termination. Plaintiff concedes the absence of any property interest but alleges that he had a substantive liberty interest "in employment unfettered by handicap discrimination." (Docket No. 8 at 5). Plaintiff's memorandum makes clear that the basis for his claim of a violation of 42 U.S.C. § 1983 is precisely the same as the basis for his claim under the ADA: job discrimination based upon handicap, including failure to make a reasonable accommodation of a disabled individual.

▆ Generally speaking, a claim under § 1983 may not be asserted based upon the violation of a statute that itself already provides "a comprehensive enforcement mechanism for protection of a federal right." *Smith v. Robinson*, 468 U.S. 992, 1003, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). *See also Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 20, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Mattoon v. City of Pittsfield*, 980 F.2d 1, 6 (1st Cir.1992).

Two circuits and several district courts have concluded that the ADA provides a

comprehensive enforcement mechanism that precludes a § 1983 action. *See Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034, 1038 (8th Cir.1998); *Davis v. Francis Howell School Dist.*, 104 F.3d 204, 206 (8th Cir.1997); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir.1997); *Coffey v. County of Hennepin*, 23 F.Supp.2d 1081, 1089 (D.Minn. 1998); *Houck v. City of Prairie Village*, 978 F.Supp. 1397, 1405 (D.Kan.1997); *Holmes v. City of Chicago*, No. 94 C 4083, 1995 WL 270231, at *5 (N.D.Ill. May 5, 1995). *But see Ferguson v. City of Phoenix*, 931 F.Supp. 688, 697–98 (D.Ariz.1996); *Independent Hous. Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F.Supp. 1328, 1345 (N.D.Cal.1993).

█ This weight of authority bears particularly heavily on the facts of this case. Nothing would be added by tacking a § 1983 claim onto the ADA count here, except possible individual liability against the defendant. Such liability, as already noted, is not permitted under the ADA. Given the specific and comprehensive provisions of the ADA, which do not permit individual liability, it would be unfair to allow the plaintiff to dress up a claim for disability discrimination as a count under § 1983 merely to expose this defendant to individual liability. To the extent that plaintiff suffered injury based upon improper discrimination, he will have his remedy under the ADA. For this reason, the claim under 42 U.S.C. § 1983 will be dismissed.

## IV. *CONCLUSION*

Based on the foregoing, the motion to dismiss Counts III through V of the complaint against the defendant Bennett in his official capacity (Docket No. 3) will be ALLOWED in its entirety. The motion to dismiss all counts against the defendant in his individual capacity (Docket No. 5) will be ALLOWED as to Counts I, III and V only. The case will now proceed against the defendant in his individual capacity on counts under the FMLA and Mass. Gen. Laws ch. 151B (Counts II and IV).