Scott D. MORROW, Plaintiff,

v.

*Andrew* PUTNAM, Joshua Kopf, Judy Walls, William Thompson, and William Henderson, et al., Defendants.

No. CV–N–00–0665 HDM (VPC).

United States District Court, D. Nevada.

June 12, 2001.

Scott D. Morrow, Reno, NV, for Plaintiff.

Shirley Smith, U.S. Attorney—Reno, Reno, NV, for Defendants.

## ORDER

McKIBBEN, Chief Judge.

Before the court is Defendants' Motion to Dismiss (# 12). Plaintiff Scott D. Morrow ("Plaintiff") alleges that after he took medical leave from his job at the United States Postal Service ("Postal Service"), he was not returned to an "equivalent" position. His *pro se* complaint alleges violations under the Family Medical Leave Act of 1993 ("FMLA" or "Act"), 29 U.S.C. § 2601, *et seq.* (1994), and seeks equitable

and other relief. Defendants are all Postal Service employees, including the Postmaster General. The complaint does not specify whether Defendants are sued in their official or individual capacities.

## Motion to Dismiss

Defendants contend that the FMLA does not authorize suit against individuals working for public agencies. This question is a matter of first impression in the Ninth Circuit. Defendants concede that the FMLA allows suit against public agency employers such as the Postal Service, as well as supervisory personnel, *see, e.g., Mercer v. Borden,* 11 F.Supp.2d 1190, 1191 (C.D.Cal.1998). Defendants nonetheless argue that the FMLA's definition of employer provides an implicit exemption from individual liability for individuals in public service, and that such a result is consistent with both the purpose of the FMLA and its regulatory interpretation.

 When interpreting the meaning of a statute, the court looks first to the language of the statute itself. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The plain meaning of the statute controls, except in rare cases in which the literal application of the statutory language would compel an odd result or produce a result demonstrably at odds with legislative intent. *See Public Citizen v. United States Dep't of Justice,* 491 U.S. 440, 454, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989); *Ron Pair,* 489 U.S. at 242, 109 S.Ct. 1026.

The FMLA provides a private cause of action against employers who violate the substantive protections of the Act. *See* 29 U.S.C. § 2617(a). The FMLA defines employer in the following way:

(4) Employer

 (A) In general

The term "employer"—

 (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

 (ii) includes—

 (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

 (II) any successor in interest of an employer;

 (iii) includes any "public agency", as defined in section 203(x) of this title; and

 (iv) includes the General Accounting Office and the Library of Congress.

(B) Public agency. For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4) (1994).

 A plain reading of the statute indicates that supervisory government employees may be considered employers under the FMLA. Clause (I) of subparagraph 4(A)(ii) defines employer to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." The very next subparagraph, 4(A)(iii), explicitly includes public agencies as employers. While this statute becomes recursive when applied to supervisory personnel, because the definition of employer refers back to the word employer itself, there is no reason to assume that the term "employer" in subparagraph 4(A)(ii) means anything other than what Congress defined it to mean in the various definitions of paragraph

4(A). Therefore, under a straightforward reading of the statute, individuals employed by a public agency may be considered employers for the purposes of the FMLA if they meet the requirements of subparagraph 4(A)(ii).

Defendants advance a number of arguments for why the term "employer" in subparagraph 4(A)(ii) should be interpreted more narrowly. These arguments roughly follow the logic of the Recommendation of the United States Magistrate Judge adopted by the district court in *Keene v. Rinaldi*, 127 F.Supp.2d 770 (M.D.N.C.2000). First, Defendants suggest that subparagraph (ii) cannot modify "public agency," which appears later in the definition at subparagraph (iii), because subparagraph (ii) can only apply to the earlier subparagraph (i), which discusses private employers. However, the grammatical structure of paragraph 4(A) suggests that each of the subparagraphs modifies the term employer rather than each other. A plain reading shows that the term employer "means" what is provided for in subparagraph (i) and "includes" what is provided for in subparagraphs (ii), (iii), and (iv). The use of the em dash after the word employer also suggests such a parallel construction, especially considering that similar punctuation was used to set off parallel provisions in numerous other places in section 2611, including subparagraph (ii) itself. *See* 29 U.S.C. § 2611(2)(A), (2)(B), (6), (11), (12). Congress further reinforced this parallel structure by beginning each of subparagraphs (ii), (iii), and (iv) with the same word.

Furthermore, even if subparagraph (ii) only applied to subparagraph (i)'s "any person engaged in commerce or an industry or activity affecting commerce," paragraph 4(B) states that a public agency "shall be considered to be person engaged in commerce or an industry affecting or

activity affecting commerce." Therefore, by the force of Defendants' own logic, a supervisor in a public agency could be considered an employer under the FMLA.

Second, Defendants argue that the parallel structure of subparagraph 4(A)(ii) suggests that public employees may not be considered employers under the FMLA. Subparagraph 4(A)(ii) is composed of two clauses. Clause (I) covers persons acting in the interest of their employers, and clause (II) extends the definition of employer to "any successor in interest of an employer." Defendants contend that the definition in clause (II) could only apply to private persons or organizations because public agencies do not ordinarily have successors in interest in labor situations. According to Defendants, the parallel placement of these clauses suggests that clause (I) also applies only to private employers. However, any logical rationale for this reading disappears when the sharp distinction between clause (II) and public agencies is blurred, which happens when a public agency becomes a successor in interest to a private employer, *see, e.g., Rhoads v. FDIC*, 956 F.Supp. 1239, 1254 (D.Md.1997) (allowing FMLA suit against the Federal Deposit Insurance Corporation as successor in interest to the Resolution Trust Corporation, which had been appointed the receiver of a private bank).

For all of these reasons, the court finds no implicit public agency exception to individual liability under the FMLA. Like their peers in the private sector, supervisory personnel within a public agency may be considered employers under 29 U.S.C. § 2611(A)(4)(ii)(I) when they act in the interest of the employer to any of the employees of such employer.

Applying this plain meaning to the words of Congress produces a result that is neither odd nor contrary to the FMLA's goal of entitling employees to take reason-

able leave while accommodating the legitimate interests of employers.[1] *See* 29 U.S.C. § 2601(b) (1994). Reasonable minds could disagree about whether allowing employees to sue supervisors who violate the substantive protections of the FMLA is the best approach for meeting the FMLA's statutory purposes. However, that is for the legislature, not the court to decide.

This holding is also in line with other courts that have looked beyond the words of the statute and concluded that the FMLA allows employees to sue supervisory employees of public agencies in their individual capacities. *See Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 412–13 (M.D.Pa.1999); *Meara v. Bennett,* 27 F.Supp.2d 288, 291 (D.Mass.1998); *Knussman v. Maryland,* 935 F.Supp. 659, 664 (D.Md.1996). As one consideration, these courts have noted the similarity between the statutory definitions of employer in the FMLA and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) (1994). In both the FLSA and FMLA, Congress included a nearly identical definition of an employer[2] as any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer. 29 U.S.C. §§ 203(d), 2611(4)(A)(ii)(1). The Department of Labor's regulations implementing the FMLA also recognize this parallel phrasing and suggest that "As under the FLSA, individuals ... are liable for violations of the requirements of the FMLA." 29 C.F.R. § 825.104(d) (2000). The Ninth Circuit has employed this comparative approach when ascertaining whether liability extends to managing individuals under other federal laws. *See Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir.1993).

---

1. The FMLA's purposes are:

 (1) to balance the demands of the workplace with the needs of families, to promote stability and economic security of families, and to promote national interests in preserving family integrity;

 (2) to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition;

 (3) to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers;

 (4) to accomplish the purposes described in paragraphs (1) and (2) in a manner that, consistent with the Equal Protection Clause of the Fourteenth Amendment, minimizes the potential for employment discrimination on the basis of sex by ensuring generally that leave is available for eligible medical reasons (including maternity-related disability) and for compelling family reasons, on a gender-neutral basis; and

 (5) to promote the goal of equal employment opportunity for women and men, pursuant to such clause.

 29 U.S.C. § 2601(b) (1994).

2. The definitions of employer in the FMLA and the FLSA differ in other respects. In the FLSA, the definition of employer "includes any person acting directly or indirectly in the interest of an employer ... and includes a public agency, but does not include any labor organization ... or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). The FMLA, on the other hand, has separate subparagraphs extending the definition of employer to include public agencies and individuals acting in the interests of an employer. 29 U.S.C. §§ 2611(4)(A)(iii), 2611(4)(A)(ii)(I). This court rejects Defendants' interpretation that the change in language from the FLSA to the FMLA indicates that public managers are exempt from liability under the FMLA. To the contrary, the court notes that if Congress had intended such a result, it could have easily so stated, as it had done for officers and agents of labor organizations in the FLSA. *See Luder v. Endicott,* 86 F.Supp.2d 854, 861 (W.D.Wis. 2000). This reasoning is especially true considering that Congress had no need to explicitly exempt officers and agents of labor organizations from FLSA liability, which extends to individuals acting in the interest of an employer only if the employer is also covered by the FLSA. *See* 29 U.S.C. § 203(d).

Most circuit courts have held that the FLSA extends liability to supervisory personnel. *See Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 676–79 (1st Cir.1998); *United States Dep't of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 778–79 (6th Cir.1995); *Brock v. Hamad,* 867 F.2d 804, 808 (4th Cir.1989); *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 971–72 (5th Cir.1984). Supervisory personnel liable under the FLSA include those who are employed by public agencies. *See, e.g., Lee v. Coahoma County,* 937 F.2d 220, 226 (5th Cir.1991) (allowing suit against Sheriff as an "employer" under the FLSA), *mandate reissued as amended* 37 F.3d 1068 (5th Cir. 1993); *Baker v. Stone County,* 41 F.Supp.2d 965, 980 (W.D.Mo.1999) (same); *Barfield v. Madison County,* 984 F.Supp. 491, 499 (S.D.Miss.1997)(same).

The majority of courts have applied this precedent from the FLSA to find that supervisors may be sued in their individual capacity under the FMLA. *See, e.g., Kilvitis,* 52 F.Supp.2d at 412 (collecting cases); *Freemon v. Foley,* 911 F.Supp. 326, 330 (N.D.Ill.1995). One district court in the Ninth Circuit recently adopted this majority view. *See Mercer v. Borden,* 11 F.Supp.2d 1190, 1191 (C.D.Cal.1998). As with the FLSA, courts have allowed suit under the FMLA against supervisory personnel in public agencies. *See, Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 412–13 (M.D.Pa.1999)(allowing suit against district justice in his individual capacity); *Meara v. Bennett,* 27 F.Supp.2d 288, 291 (D.Mass.1998) (allowing suit against district attorney in his individual capacity);

*Knussman v. Maryland,* 935 F.Supp. 659, 664 (D.Md.1996) (allowing suit against state police officials in their individual capacities). The court finds this analysis persuasive, especially considering that Congress employed the same language in the FMLA that had previously been construed by federal courts to support liability against government supervisors under the FLSA.[3]

Applying its precedent from the FLSA, the Eleventh Circuit has determined that a public official sued in his or her individual capacity is not an employer under the FMLA. *See Wascura v. Carver,* 169 F.3d 683, 686 (11th Cir.1999). The court recognized that this result was compelled by the court's earlier decision that the FLSA does not allow recovery against government employees sued in their individual capacities. *See Welch v. Laney,* 57 F.3d 1004, 1011 (11th Cir.1995). The *Welch* court reasoned that, because a sheriff acting in his individual capacity had no control over a plaintiff's employment, the sheriff was not an employer under the FLSA and therefore could not be sued in his individual capacity for violations of the act. *See id.*

This court is not persuaded by the reasoning of the Eleventh Circuit. Most importantly, the opinions do not explain why public officials should be exempted from liability while managers in the private sector are not. *See Kilvitis,* 52 F.Supp.2d at 415. If a government official has no authority in her individual capacity to act in the interest of her employer, then neither would a manager in the private sector. However, the plain language of the FMLA clearly contemplates individual liability.

---

**3.** The Fifth Circuit held that a county sheriff "clearly falls within the class of managerial personnel considered employers by the FLSA" in an opinion entered August 5, 1991. *Lee v. Coahoma County,* 937 F.2d 220, 226 (5th Cir.1991). Rehearing was denied in that case on October 15, 1991. Congress did not pass the FMLA until February 5, 1993. *See*

P.L. 103–3, 107 Stat. 6. While the Fifth Circuit later reissued an amended mandate in *Coahoma* to correct an unrelated typographical error in the opinion, 37 F.3d 1068 (5th Cir.1993), Congress had constructive notice of the court's interpretation before it enacted the FMLA.

*See* 29 U.S.C. § 2611(4)(A)(ii)(I)(defining an employer as "any person who acts ... in the interest of an employer"). The implementing regulations confirm this view by noting that "individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of the FMLA." 29 C.F.R. § 825.104(d) (2000).[4] Considering that this argument was not addressed in the opinions of *Welch* and *Wascura*, this court is disinclined to adopt the idiosyncratic approach of the Eleventh Circuit on this issue, especially considering that the *Wascura* decision did not address a district court decision within the Eleventh Circuit that had previously held that a county employee's supervisors could be held liable in their individual capacities under the FMLA, *see Waters v. Baldwin County*, 936 F.Supp. 860, 864 (S.D.Ala. 1996).[5]

While the Ninth Circuit has not decided whether the FLSA allows suit against individuals, it would likely adopt the majority view and allow plaintiffs to sue supervisors who violate the FLSA while acting in the interest of their employers. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 589 (9th Cir.1993) ("There is no question that an individual can be personally liable as an employer under the FLSA ...." ) (Fletcher, J., dissenting); *Mercer v. Borden*, 11 F.Supp.2d 1190, 1191 n. 1 (C.D.Cal.1998) (predicting the same). Applying this reasoning to the FMLA confirms the plain meaning of this statute, which allows employees to sue supervisory personnel in government agencies who acted "in the interest of an employer to any of the employees of such employer" for violations of the FMLA. 29 U.S.C. § 2611(4)(A)(ii)(I) (1994).

Discovery may reveal that Defendants did not exercise the requisite level of authority over Plaintiff's employment to be considered an employer under the FMLA. However, the court cannot say as a matter of law that Defendants' positions as officials of a public agency compels this result. Therefore, Defendants' motion to dismiss on this ground is DENIED.

*Qualified Immunity*

█ Defendants argue that they are entitled to qualified immunity because they acted in good faith in a way that was reasonable under the circumstances. However, the complaint alleges that Defendants willfully interfered with Plaintiff's rights under the FMLA by failing to return him to his former position or an equivalent position of employment. Such actions would clearly constitute a violation of the FMLA, and thus cannot be considered reasonable under the circumstances, even if conducted under good faith. Therefore, the doctrine of qualified immunity does not apply in this case. Accordingly, Defendants' motion to dismiss (# 12) is DENIED.

IT IS SO ORDERED.

---

4. Defendants argue that this example from the private sector, unaccompanied by a corresponding example from the public sector, indicates that the Department of Labor endorsed individual liability only in the private sector. The court declines to read so much into the single example. *See Sullivan v. Hudson*, 490 U.S. 877, 891–92, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)(refusing to read one express provision of a Congressional act to generate a negative implication about matters not mentioned in the act.)

5. The reasoning of *Wascura* was also found unpersuasive in a case concluding that government supervisors cannot be considered employers under the FMLA. *See Keene v. Rinaldi*, 127 F.Supp.2d 770, 778 n. 4 (M.D.N.C. 2000).