Charles E. **CARTER**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, William J. Henderson, Postmaster General and Bryan K. Smith, Defendants.**

**No. Civ.A. 3:99CV–4–H.**

United States District Court,
W.D. Kentucky,
at Louisville.

Aug. 1, 2001.

---

**MEMORANDUM OPINION**

HEYBURN, District Judge.

Defendants William J. Henderson and Bryan K. Smith move the Court for dismissal of all claims brought against them in their individual capacity. Plaintiff Charles E. Carter alleges Defendants violated the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 2617(a)(2) and 29 U.S.C. § 794a. The sole issue raised by this motion is whether FMLA's definition of an "employer" subject to suit includes individual government employees. The district courts considering this issue are split. This Court concludes that the FMLA permits claims against individuals.

Plaintiff was formerly an employee of the United States Postal Service ("USPS"). He alleges he was disciplined and placed on unpaid disability leave after extensive medical treatment of a knee problem in violation of the FMLA and the Rehabilitation Act. Along with the USPS Plaintiff names as defendants, Bryan K. Smith, his immediate supervisor, and William J. Henderson, the Postmaster General.

District courts are "in some disarray" on the issue of whether individual public employee supervisors may be liable for FMLA violations, "although at this time it appears that a majority have found individual liability ..." *Keene v. Rinaldi,* 127 F.Supp.2d 770, 778 (M.D.N.C.2000) (citing *Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 412–13 (M.D.Pa.1999)). The Sixth Circuit has not decided this issue.

This Court looks first at the statutory language. Where the plain meaning of a statute is apparent and the result is reasonably consistent with legislative intent the plain meaning controls. *See, United States v. Ron Pair Enters. Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *Public Citizen v. United States Dep't of Justice,* 491 U.S. 440, 454, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989). 29 U.S.C. § 2617(a) allows an "eligible employee" to bring suit against an "employer" who violates the FMLA. That Plaintiff is an "eligible employee" is not disputed. The parties disagree, however, on whether individual supervisors of public agencies are "employers" liable to suit under the FMLA. 29 U.S.C. § 2611(4)(A) provides:

(4) **Employer**

(A) **In general**

The term "employer"—

(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50

or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes—

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer;

(iii) includes any "public agency", as defined in section 203(x) of this title; and

(iv) includes the General Accounting Office and the Library of Congress.

**(B) Public agency.**

For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4) (1994). Subparagraph 4(A)(i) defines the term "employer." Clause 4(A)(ii)(I) provides that an "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." This clause plainly and unequivocally extends liability to individuals who meet the stated criteria. Subparagraph 4A(iii) expressly states that the term "employer" includes public agencies.

The only question is whether the provision for individual liability of clause 4(A)(ii)(I) modifies "employer" in 4(A) in a manner that does not apply to "employer" as further modified by the public agency employer of 4(A)(iii). In *Keene*, 127 F.Supp.2d at 775, the court read the statute in this way to deny individual liability for public employee supervisors. *Keene* reasoned that because 4(A)(ii) precedes 4(A)(iii) the former cannot modify the lat-

ter. The Court disagrees with this reading. True, 4(A)(ii) does not directly modify 4(A)(iii). However, clause 4(A)(ii)(I) and subparagraph 4(iii) each modify the phrase, "The term 'employer'—", of 4(A). The "employer" of 4(A) is the subject of each sentence in subparagraphs 4(A)(i); 4(A)(ii); and 4(A)(iii). Each of these subparagraphs, in turn, provides the object for the sentence that begins with 4(A). As modified by clause (A)(ii)(I) and (A)(iii) an "employer" includes both individuals and public agencies and therefore also includes individuals in public agencies. Common logic and standard rules of grammar permit no other reading.

The Court's reading is consistent with the majority of courts that have considered this issue. See e.g., *Morrow v. Putnam*, 142 F.Supp.2d 1271, 1272–73 (D.Nev.2001) (A plain reading of the statute indicates that supervisory government employees may be considered employers under the FMLA.); *Kilvitis v. Luzerne*, 52 F.Supp.2d 403, 412 (M.D.Pa.1999) (the plain language of the FMLA evinces an intent to provide for individual liability); *Meara v. Bennett*, 27 F.Supp.2d 288, 291 (D.Mass.1998) ("This language clearly suggests that individuals *are* contemplated as defendants under [the Act]").

The Court recognizes its holding conflicts with the holdings of other district courts in the Sixth Circuit. See e.g. *Johnson v. Runyon*, 1999 WL 893841 at *4–*5 (W.D.Mich. Apr.22, 1999); *Anderson v. Henderson*, No. 3:99–cv–115 (E.D.Ky. Filed Oct. 15, 1999); *Mitchel v. Chapman*, No. 00–179 (E.D.Ky. Filed Apr. 6, 2001). The Court respectfully disagrees with these decisions. Since the FMLA's definition of "employer" is clear on its face, a court should not rely on analogies with Title VII to interpret the FMLA, particularly where the language of the two statutes is different.

The Court will enter an order consistent with this Memorandum Opinion.