Michael CANTLEY, Plaintiff,

v.

Amos SIMMONS, Deborah K. Morris
and United States Postal
Service, Defendants.

No. CIV.A.3:01–0720.

United States District Court,
S.D. West Virginia,
Huntington Division.

Jan. 9, 2002.

Darryl J. Anderson, Murshed M. Za-
heed, O'Donnell, Schwartz & Anderson,
P.C., Washington, DC, Roger D. Forman,
Forman & Crane, L.C., Charleston, WV,
for Plaintiff.

Kelly R. Curry, United States Attor-
ney's Office, Charleston, WV, Jeannette L.
Bisson, Law Department–Mid–Atlantic Of-
fice, United States Postal Service, Wash-
ington, DC, for Defendants.

### ORDER

CHAMBERS, District Judge.

Currently pending before the Court is
Defendants Amos Simmons' and Deborah

Morris' motion to dismiss this claim as it relates to them pursuant to Federal Rule of Civil Procedure 12(b)(1). The defendants contend that they are not proper defendants to this suit because the Family and Medical leave Act (hereinafter the "FMLA"), 29 U.S.C. § 2601 *et seq.*, does not provide for individual liability for employees of public agencies. For the reasons stated below, the defendants' motion is **DENIED**.

## BACKGROUND

The plaintiff, Michael Cantley, an employee of the United States Postal Service (hereinafter "USPS"), filed this action on August 9, 2001, against the Postal Service, Amos Simmons (his former immediate supervisor), and Deborah Morris (his Manager), for violation of the FMLA, 29 U.S.C. § 2601 *et seq.* The plaintiff alleges that the defendants discriminated and retaliated against him in response to a prior FMLA claim he had filed. Mr. Cantley's earlier FMLA suit, which contested his discharge, was settled and Mr. Cantley returned to his postal employment on April 1, 1999. After Mr. Cantley's reinstatement, postal managers, including supervisor Simmons and plant manager Morris, allegedly retaliated against Mr. Cantley, causing him severe emotional distress.

## STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's subject matter jurisdiction. Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n. 15 (4th Cir.1986), *rejected on other grounds, Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988).

■ A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Thigpen*, 800 F.2d at 401, n. 15. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id.*

■ A "factual attack," on the other hand, challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside · the pleadings without converting the proceedings to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991)(citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)).

In the present case, because the defendants' attack on Mr. Cantley's claim is a "facial attack," the Court accepts, as true, the allegations Mr. Cantley made in the complaint for the purposes of this motion and decides whether the complaint is sufficient to confer subject matter jurisdiction.

## ARGUMENTS

The defendants claim that the FMLA does not provide for individual liability for employees of public agencies. Instead, they argue it operates as a limited waiver of sovereign immunity which allows a plaintiff to bring suit against the agency alone. Relying primarily on *Keene v. Rinaldi*, 127 F.Supp.2d 770 (M.D.N.C.2000), the defendants contend that both a plain reading of the statute and a review of its legislative history reflect that Congress did not intend to include individual "public agency" employees in the definition of

"employer" under the FMLA. The defendants also maintain that the FMLA's implementing regulations did not contemplate individual liability on the part of "public agency" employees because the regulation addressing "covered employers" does not mention public agency supervisory employees but does use the example, "individuals such as corporate officers." *See* C.F.R. § 825.104(d).

The plaintiff responds by arguing that the plain language of the FMLA states that Government employees can be held liable under the Act. He maintains that the defendants' analysis of the FMLA's statutory language is flawed. According to the plaintiff, the FMLA tracks the language of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.*, under which individual liability of responsible supervisors is well-established. Regarding the issue of sovereign immunity, the plaintiff states that Congress waived sovereign immunity of the Postal Service under the

Postal Reorganization Act of 1970, 39 U.S.C. § 101 *et seq.*, and directed that the Postal Service be treated as any other private enterprise.

## DISCUSSION

The issue of whether public officials can be sued individually under the FMLA is one of considerable debate. While some district courts have decided otherwise, the majority of district courts have concluded that public employee supervisors can be sued individually under the FMLA. *See Keene v. Rinaldi*, 127 F.Supp.2d 770, 778 (M.D.N.C.2000)(citing *Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403, 412–13 (M.D.Pa.1999)). The Fourth Circuit has not decided this issue.[1]

■ In determining whether the FMLA imposes individual liability on public employees, the first step is to look at the statutory language.[2] The majority of

---

**1.** Only one circuit court has decided the issue of whether public officials can be sued individually under the FMLA. The Eleventh Circuit, in *Wascura v. Carver*, 169 F.3d 683 (11th Cir.1999), held that a public official sued in his individual capacity is not an "employer" under the FMLA. The court determined that the term "employer" in the FMLA should be interpreted consistently with the similar definition set fourth in the FLSA. Based upon this determination, the court relied upon its decision in *Welch v. Laney*, 57 F.3d 1004 (11th Cir.1995), in which the court had concluded that a local sheriff was not an "employer" under the FLSA when he acted in his individual capacity because the sheriff had no control over the plaintiff's employment when acting in his individual capacity, to find no individual liability for public officials under the FMLA. Both of these decisions have been criticized because they do not explain why public officials should be exempted from liability while managers in the private sector are not. *See Morrow v. Putnam*, 142 F.Supp.2d 1271, 1275 (D.Nev.2001). Moreover, the court in *Keene*, which is the case the defendants rely on to argue no individual liability for public officials, states that "the lack of

analysis in both Welch and Wascura greatly reduces their persuasive value." *Keene*, 127 F.Supp.2d at 778.

**2.** Section 2611 of the FMLA defines "employer" as follows:

(4) Employer
(A) In general
The term "employer"-
  (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
  (ii) includes-
  (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
  (II) any successor in interest of an employer;
  (iii) includes any "public agency," as defined in section 203(x) of this title; and
  (iv) includes the General Accounting Office and the Library of Congress.
(B) Public Agency

courts that have examined the FMLA's statutory language have concluded that a plain reading indicates that public employees may be considered "employers" under the FMLA. *See Morrow v. Putnam*, 142 F.Supp.2d 1271 (D.Nev.2001); *Carter v. United States Postal Service*, 157 F.Supp.2d 726 (W.D.Ky.2001); *Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403 (M.D.Pa.1999); *Meara v. Bennett*, 27 F.Supp.2d 288 (D.Mass.1998).

These courts explain that clause (I) of subparagraph 4(A)(ii) defines "employer" to include "any person who acts directly or indirectly in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). This clause plainly evinces an intent to provide for individual liability. The next subparagraph, 4(A)(iii), expressly states that the term "employer" includes public agencies. 29 U.S.C. § 2611(4)(A)(iii). Therefore, under a straightforward reading of the statute, individuals employed by a public agency may be considered "employers" for the purposes of the FMLA if they meet the requirements of 4(a)(ii).

Nevertheless, the defendants' argue that private employers and public agency employers should be considered separately under the statute. Relying on *Keene*, the defendants argue that the provisions of subsection (ii) modify only subsection (i). As a result, the defendants argue subsection (ii) applies only to private employers because subsection (ii) precedes subsections (iii) and (iv) and contains concepts inapplicable to public agency employers. They argue that subpart (ii)(II), which pro-vides for "successor in interest" employers, is designed to prevent private employers from avoiding liability but does not apply to public agencies. The Court finds the defendants' arguments unpersuasive.

As explained by the court in *Morrow*, "the grammatical structure of paragraph 4(A) suggests that each of the subparagraphs modifies the term employer rather than each other. A plain reading shows that the term employer 'means' what is provided for in subparagraph (i) and 'includes' what is provided for in subparagraphs (ii), (iii), and (iv)." 142 F.Supp.2d at 1273. The court noted that "[t]he use of the em dash after the word employer also suggests such a parallel construction, especially considering that similar punctuation was used to set off parallel provisions in numerous other places in section 2611, including subparagraph (ii) itself." *Id.* Concerning the "successor in interest" argument, the court explained that the argument fails "when the sharp distinction between clause (II) and public agencies is blurred, which happens when a public agency becomes a successor in interest to a private employer." *Id.* This Court agrees with the *Morrow* court's reasoning and finds that a plain reading of the statute indicates that public employees, who act directly or indirectly in the interest of the employer, may be considered "employers" under the FMLA.

Another factor courts have considered when determining whether individual liability exists is the similarity between the statutory definitions of "employer" under

---

For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

Section 203(x) of Title 29, which is referenced in the FMLA's definition of "employer" provides the following definition of "public agency":

(x) "Public agency" means the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Rate Commission), a State, or a political subdivision of a State; or any interstate governmental agency.

the FMLA and the FLSA. *See Morrow,* 142 F.Supp.2d at 1274; *Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 412 (M.D.Pa.1999); *Knussman v. State of Maryland,* 935 F.Supp. 659 (D.Md.1996). Both statutes extend employer status to "any person who acts, directly or indirectly, in the interest of the employer." 29 U.S.C. § 2611(4)(A)(ii)(I), 29 U.S.C. § 203(d). Moreover, the FMLA's implementing regulations recognize the similarity and state that "[a]s under the FLSA, individuals ... 'acting in the interest of the employer' are individually liable for any violations of the requirements of the FMLA." 29 C.F.R. § 825.104(d).

Since liability under the FMLA is essentially the same as liability under the FLSA, courts have looked to FLSA case law for guidance in determining whether individual liability is permitted under the FMLA. *Morrow,* 142 F.Supp.2d at 1275. Most circuit courts have found that individual liability is permitted under the FLSA provided that the individual defendant has sufficient control over the terms of the plaintiff's employment. *Kilvitis,* 52 F.Supp.2d at 414 (citations omitted).[3] The majority of district courts, relying on the FMLA's plain language and its implementing regulations, have looked to FLSA individual liability case law and determined that individual liability exists under the FMLA. *Id.* at 412 (citations omitted). This Court agrees and finds that individual liability is permitted under the FMLA.

### CONCLUSION

After considering a plain reading of the statute, the implementing regulations under the FMLA, the similarity of the definitions of "employer" under the FMLA and the FLSA, the majority rule that individu-

al liability is permitted under the FLSA, and the growing case law supporting individual liability under the FMLA, this Court finds that individual public agency employees can be considered "employers" under the FMLA and that individual liability is permitted under the FMLA. Therefore, the defendants' motion to dismiss is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties and to publish such Order on the Court's website.

---

**3.** The Fourth Circuit, in *Brock v. Hamad,* 867 F.2d 804, 808 n. 6 (4th Cir.1989), explained that an individual defendant with power to hire and direct employees was an "employer" under the FLSA.