**Miffie JOHNSON, Plaintiff,**

v.

**FAYETTE COUNTY, TENNESSEE, Fayette County Juvenile Court, and Jiimmie German, in his official capacity and individually, Defendants.**

No. 03–2018 D.

United States District Court, W.D. Tennessee, Western Division.

July 8, 2003.

Danny R. Ellis, Law Offices of Danny R. Ellis, Jackson, TN, for Miffie Johnson, Plaintiff.

Jennifer Craig, Waldrop & Hall, James I. Pentecost, Pentecost Glenn & Rudd, PLLC, Jackson, TN, for Fayette County, Tennessee, Fayette County Juvenile Court, Jimmie N. German, in his official capacity and individually, Defendants.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS.

DONALD, District Judge.

This matter is before the Court on the motion of Defendant Jimmie German to dismiss Plaintiff Miffie Johnson's employment discrimination complaint. Plaintiff alleges that Defendant violated the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq* ("FMLA"), when Plaintiff was terminated after taking a leave of absence to tend to her mental illness. Defendant asserts that the complaint should be dismissed as to him because he is not Plaintiff's employer, and therefore may not be sued for violations of the FMLA in his individual or official capacity. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court DENIES Defendant's motion to dismiss.

■ A party may bring a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). This motion only tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In reviewing the complaint, a court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983). The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke*, 490 U.S. at 326–27, 109 S.Ct. 1827; *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The issue currently before the Court is whether Defendant, a public official, is an employer within the meaning of the FMLA such that he may be held liable for an alleged violation of the FMLA in his individual and/or official capacity. This issue has never been ruled on by this Court, and the Sixth Circuit has not published an opinion resolving it. The Eleventh Circuit Court of Appeals and many other district courts have addressed this issue, leaving it in conflict both within and outside of this Circuit. As will be discussed below, the vast majority of the courts that have ruled on this question have answered it in the affirmative. This Court believes that the Sixth Circuit is likely to find the reasoning of the majority persuasive and holds that under certain circumstances, public officials may be considered employers within the meaning of the FMLA and may be held jointly and severally liable for violations of the FMLA with the public agencies by whom they are employed.

The first step in resolving statutory construction questions " 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.' " *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002) (internal citations omitted). In fact, where the language of the statute cannot express more than one

meaning, " *'the duty of interpretation does not arise.'* " *Baum v. Madigan,* 979 F.2d 438 (6th Cir.1992) (*citing Caminetti v. U.S.,* 242 U.S. 470, 485–486, 37 S.Ct. 192, 61 L.Ed. 442 (1917)) (emphasis in original). The FMLA defines employer as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(II). Several courts have found that this text from the FMLA clearly evinces Congressional intent to extend FMLA liability to supervisory and managerial employees. *Cantley v. Simmons,* 179 F.Supp.2d 654, 657 (S.D.W.Va.2002); *Longstreth v. Copple,* 101 F.Supp.2d 776, 778 (N.D.Iowa 2000); *see also Buser v. S. Food Serv., Inc.,* 73 F.Supp.2d 556, 561 (M.D.N.C.1999); *Stubl v. T.A. Systems, Inc.,* 984 F.Supp. 1075, 1083 (E.D.Mich. 1997). The Court agrees that a plain language reading of the statute reveals that Congress intended to impose FMLA liability on certain individuals.

Even if the definition of employer could be read as having more than one meaning, however, courts repeatedly have found that individual liability exists under the FMLA after analyzing the FMLA under case law governing the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The primary reason for analogizing the FMLA to the FLSA is that the definition of employer in both Acts is substantively identical.[1] Comparison of the

---

1. Just as in the FMLA, "any person acting directly or indirectly in the interest of an employer" is an employer subject to liability under the FLSA. *29 U.S.C. § 203(d).* The Court notes that other decisions from this Circuit have found no individual liability under the FMLA after analogizing the FMLA to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. Frizzell v. Southwest Motor Freight,* 906 F.Supp. 441, 449 (E.D.Tenn.1995); *Johnson v. Runyon,* 1999 WL 893841, at *4–5 (W.D.Mich.1999). The Court respectfully disagrees with these opinions because the definition of employer in

Title VII differs substantially from the definitions of employer in the FMLA and the FLSA. Under Title VII, employer "means a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such person." 42 U.S.C. § 2000e(b). While it is true that Title VII's definition includes the word "agent," it is not as expansive or specific as the definition of employer in the FMLA, highlighting the latter's intent to impose individual liability. Moreover, the Court finds it notable that Congress codified the FMLA in the same Title of the United States Code as the FLSA, which

FMLA to the FLSA is further justified by the regulations interpreting the FMLA which specifically state that "[a]s under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of the FMLA." 29 C.F.R. § 825.104(d).

 In the Sixth Circuit, it is well established that individuals may be held liable as employers for violations of the FLSA. *Fegley v. Higgins,* 19 F.3d 1126, 1131 (6th Cir.1994). Under *Fegley,* the "economic realities" test is used to determine whether a party is an employer under the FLSA. *Id.* Thus, an "officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* (internal quotations and citations omitted). By extension, an officer of a corporation also may be held jointly and severally liable with a corporation for violations of the FMLA.

The question remains, however, whether public officials may be held liable in their individual as well as their official capacities for violations of the FMLA. The Eleventh Circuit is the only Circuit Court of Appeals to have addressed this question. In *Wascura v. Carver,* 169 F.3d 683, 686 (11th Cir.1999), the Court found that "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the" FMLA. The Eleventh Circuit found that it was precedentially bound to so hold by a prior decision making the same finding with respect to public officials in the FLSA context. *Id.* The Court provided no other rationale for its holding.

This Court respectfully disagrees with the minority view expressed in *Wascura*

and joins the judicial majority, which has found that public officials may be held liable under the FMLA in their individual capacities. *Carter v. U.S. Postal Serv.,* 157 F.Supp.2d 726, 728 (W.D.Ky.2001) (holding that under the FMLA "an 'employer' includes both individuals and public agencies and therefore also includes individuals in public agencies"); *Morrow v. Putnam,* 142 F.Supp.2d 1271, 1276 (D.Nev. 2001) ("the plain meaning of [the FMLA] . . . allows employees to sue supervisory personnel in government agencies who acted 'in the interest of an employer to any of the employees of such employer' "); *Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 416 (M.D.Pa.1999); *Meara v. Bennett,* 27 F.Supp.2d 288, 291 (D.Mass.1998) (case involving a public official defendant found that the language of the FMLA "clearly suggests that individuals *are* contemplated as defendants") (emphasis in original); *Clay v. City of Chicago,* 1997 WL 106111, at *2 (N.D.Ill.1997) (denying motion to dismiss of public official defendant where allegations could be read to infer that public official "exercised supervisory authority over" plaintiff); *Knussman v. State of Maryland,* 935 F.Supp. 659, 664 (D.Md.1996) (FMLA case involving a public official defendant; "[L]iability of individual defendants in their individual capacities is not foreclosed under the FMLA."). *Cf. Baker v. Stone County, Missouri,* 41 F.Supp.2d 965, 981 (W.D.Mo.1999) (finding that public officials may be held liable in their individual capacities under the FLSA); *Barfield v. Madison County, Miss.,* 984 F.Supp. 491, 496 (S.D.Miss.1997) (FLSA case involving a public official defendant; "If an *individual* with managerial responsibilities is deemed an employer under the FLSA, the individual *may be* jointly and severally liable for damages resulting from

---

addresses labor issues, as opposed to the Title which includes Title VII, which provides remedies for individuals whose civil rights are

violated through discriminatory employment practices.

the failure to comply with the FLSA.") (emphasis in original).

The Court's finding that individuals may be liable for FMLA violations clearly exposes certain individuals in the private sector to liability. The Court finds no rational basis to exempt their public sector counterparts from similar liability, where the language of the FMLA clearly expresses an intent to subject individuals to joint and several liability with their employers. Moreover, since suits against individuals in their official capacities are essentially suits which serve to impose liability only on the government entity, *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997); *Scott v. Clay County, Tenn.,* 205 F.3d 867, 879 (6th Cir.2000); *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245 (6th Cir.1989), a finding that public officials may be liable only in their official capacities would eviscerate the significance of Congress's clearly expressed intent to hold public officials individually liable. Therefore, the Court joins the majority of other courts in finding that public officials may be liable for violations of the FMLA in their individual and official capacities.

■ In the instant case, there is no evidence in the record to aid the Court in determining whether Defendant is an officer with operational control over the Fayette County agency which employs him. Thus, dismissal of Plaintiff's claims against him would be improper. Accordingly, Defendant's motion is DENIED.